[Civ. No. 7313. First Appellate District, Division One.—September 16, 1930.]

QUINTO BARSOTTI, Respondent, v. ERNESTO VEDOVI, Appellant.

George A. Walker and H. M. Anthony for Appellant.

W. P. Caubu and Roland Becsey for Respondent.

JORGENSEN, J., *pro tem.*—This is an action to recover $4,500 for money had and received by defendant for use and benefit of plaintiff. The trial court gave judgment to plaintiff for the amount prayed for and defendant appeals.

Defendant, a duly licensed realty broker, through his employees, induced the plaintiff, a client of his office, to dcposit $4,500 with him on the $46,000 purchase price of a garage in San Francisco. The garage was owned by persons named Maggini, Garcia and Estate of Garcia. A written offer to purchase was prepared by the defendant's salesman, dated November 19, 1928, and after providing the terms of the offer, acknowledging receipt of the deposit, the document, in capital letters, provided "SUBJECT TO AP-

PROVAL OF SELLER''. It was signed ''E Vedovi, by Milton Toni''. Then followed these paragraphs:

''The undersigned, hereinabove designated as the purchaser, hereby agree . . . to purchase the above described property for the price and according to the conditions above specified. Quinto Barsotti, purchaser. Address: 1941 Chestnut St., Phone Fill. 2409.

''Approval: .......... hereby approve the sale of said property above described upon the terms and conditions hereinabove set forth.''

The space for the acceptance by the owner was left blank. Three copies of the agreement were presented to the plaintiff and one copy was left with him. The remaining two copies were retained by defendant's salesman. Defendant's salesman promised plaintiff he would deliver him another copy when it was signed by the seller.

Plaintiff then made the deposit of $4,500. The only copy of the agreement ever had or delivered to plaintiff was unsigned by any person as seller or vendor, nor was any written acceptance of his offer ever delivered to plaintiff. The record discloses that defendant did sign the two copies kept by his salesman as seller, and then both copies were retained in his files. The trial court found, and the same is substantially supported by the evidence, which, of course, was disputed, that between the date of the signing of the agreement by plaintiff and his delivery of notice of rescission of agreement no acceptance of his offer was ever communicated to plaintiff, verbally or otherwise, and at no time did defendant advise plaintiff that he was the seller or owner of the garage, although as a matter of fact he held an option on the property and was the seller, but plaintiff on representations of defendant's agent believed throughout the transaction that defendant was acting in the capacity of realty broker only, and that the property was owned by the Magginis.

The aforesaid agreeement contained a provision ''leased for 10 years to $500.00 per month, $2000.00 cash security on lease, lease not older than 6 months''.

Between the date of the agreement and the date of delivery the plaintiff learned that the lease was not an attractive lease, inasmuch as the tenant's business was poor

and the landlord had allowed him to pay a much less sum as rental than $500 per month.

Therefore he delivered notice of rescission and demanded the return of his money, which was refused by the defendant, and the plaintiff commenced this action.

The fact of the tenant paying less rental than $500 per month was unknown to both plaintiff and defendant at the time of the signing of the aforesaid agreement by plaintiff.

█ The question at issue is this: As neither written nor verbal approval of seller was ever delivered to buyer before his written notice of rescission was delivered, was the agreement complete?

Since there was an understanding between the parties that the written acceptance of the seller would be obtained and delivered to the buyer, the agreement was never completed, and until such acceptance of the seller was delivered the buyer had the right to withdraw his offer for any reason whatsoever, or upon his mere election so to do. The seller clearly was not bound until such delivery, and it is therefore elementary that the buyer could not be. "It is elementary that where it is a part of the understanding between the parties that the terms of the contract are to be reduced to writing and signed by the parties, the assent to its terms must be evidenced in the manner agreed upon, or it does not become a binding contract." (*Mercantile Trust Co.* v. *Sunset etc. Co.*, 176 Cal. 461, at 469 [168 Pac. 1037, 1040].)

See, also, *Spinney* v. *Downing*, 108 Cal. 666, at 669 [41 Pac. 797, 798], where the court said: "It is essential to the existence of every contract that there should be a reciprocal assent to a definite proposition and where the parties to a proposed contract have themselves fixed the manner in which their assent is to be manifested, an assent thereto in any other or different manner will not be presumed." (See, also, *Las Palmas Winery & Distillery* v. *Garrett & Co.*, 167 Cal. 397 [139 Pac. 1077].)

Here the plaintiff testified that no assent of the seller was ever communicated to him, verbally or otherwise. The trial court having found this to be true, that finding cannot be disturbed on appeal.

In view of the above opinion it is unnecessary to decide the questions as to the right of rescission on account of

mutual mistake in regard to rentals or the good faith of the defendant.

Judgment affirmed.

Tyler, P. J., and' Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 16, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 13, 1930.