## No. 36,075

REINHART HERBEL and JACOB HERBEL, as Executors under the Last Will and Testament of David Herbel, Deceased; and REINHART HERBEL and JACOB HERBEL, as Trustees of David Herbel, et al., Devisees and Heirs at Law, *Appellants,* v. REUBEN T. NUSS (also known as Reuben Nuss), and LYDIA NUSS, His Wife; THE WILSON STATE BANK, of Wilson, and FRANK D. OLDS, *Appellees.*

(147 P. 2d 735)

Opinion filed April 8, 1944.

*C. R. Holland,* of Russell, argued the cause, and *George W. Holland* and *Herbert N. Holland,* both of Russell, were on the briefs for the appellants.

*Harold W. McCombs,* of Russell, argued the cause, and *Jerry E. Driscoll,* of Russell, was on the briefs for the appellees.

The opinion of the court was delivered by

THIELE, J.: Plaintiffs appeal from a ruling and decision sustaining demurrers to their petition.

It was alleged in the petition which was filed May 13, 1943, that plaintiffs were the duly appointed and acting executors of the will of David Herbel, deceased, which was admitted to probate on August 14, 1940, a copy of the will being attached to and made a part of the petition. For present purposes it may be said the testator devised to each of his three sons and three daughters, including his daughter Lydia Herbel Nuss, one of the defendants, certain specific tracts of real estate. He also devised other specific real estate to his three sons subject to a life estate to his wife. The residue of his estate he gave to his wife during her lifetime, with the remainder to all of his children. It was further alleged in the petition that plaintiffs were the trustees under the terms of a trust agreement made August 16, 1940, a copy being attached to and made a part of the petition. For our purposes, we note that the agreement was made by all of the legatees and devisees under the will of David Herbel, who conveyed to the plaintiff trustees all of the lands owned by David Herbel at his death. The expressed purpose was to permit collection of rents and income to meet any claims against the estate and to preserve the estate intact. Among other powers, the trustees were authorized to lease the lands, collect the rents and amounts due David Herbel, pay the debts, provide the widow with a home and sustenance, and upon the payment of all the debts the lands were to revert back to the heirs as specified under the will. With an exception not here important, the trustees had no power to sell any of the property. It was further alleged in the petition that the trustees were in possession and occupancy of the real estate; that all debts and obligations of David Herbel which had been presented to the probate court for allowance and allowed had been paid and the only matters which prevented closing of the estate were the matters set forth in the petition. It was also alleged that David Herbel had endorsed certain notes of the defendants Lydia Nuss and her husband Reuben

T. Nuss, and claims thereon totaling $5,340.15 had been proved and allowed in the probate court against his estate on account thereof and declared a lien on the share of Lydia Nuss. The interest of Lydia Nuss in the real estate devised by her father's will was then set forth, and it was alleged that by reason of the facts set forth, plaintiffs, whether the executors or the trustees or both is not stated, were entitled to judgment against defendants Nuss for the above amount and that the same should be decreed to be a first lien upon the interest of Lydia Nuss in the estate, and that the same should be sold to satisfy the judgment. It was also alleged that the defendants, Wilson State Bank and Frank D. Olds, claimed some right and interest in the share and ownership of Lydia Nuss in the property, the exact nature being unknown, but that such right and interest, if any, be decreed inferior to plaintiffs' judgment. The prayer was for a money judgment against defendants Nuss and for sale of the interest of Lydia Nuss or her husband in satisfaction of the judgment.

A motion of defendants Nuss to have the petition made more definite and certain by stating, among other things, whether plaintiffs brought the action as executors under the will or as trustees under the trust agreement, was overruled as was a somewhat similar motion by the other defendants.

Thereafter the defendants Nuss demurred to the petition on four grounds. (1) The court had no jurisdiction of the persons of the defendants or of the subject of the action. (2) Plaintiffs had no legal capacity to sue. (3) Several causes of action were improperly joined. (4) The petition did not state facts sufficient to constitute a cause of action. The other defendants filed a similar demurrer. Upon hearing and consideration the trial court sustained the demurrers on the ground that it was without jurisdiction. The plaintiffs then perfected their appeal to this court.

It is clear from the petition that the jurisdiction of the probate court was invoked when the will of David Herbel was offered for and admitted to probate. Executors were appointed to execute his will. That court had original, exclusive jurisdiction to grant the letters testamentary, to direct and control the official acts of the executors, to settle their accounts, to order distribution and to exercise such equitable powers as might be necessary to determine any matter properly before such court. (G. S. 1941 Supp. 59-301.) In making a final settlement the probate court shall name the heirs,

devisees and legatees, describe the property and state the proportion or part thereof to which each is entitled. (G. S. 1941 Supp. 59-2249.) It is likewise clear that no final settlement has been made of the estate. Assuming it could otherwise be done, there is no allegation the executors were ever authorized in any manner to deliver· the property of the estate to the legatees, devisees or distributees, of the will and estate of David Herbel, or to the trustees under the pleaded trust agreement. Although the trial court did not rule thereon it is apparent the petition did not state facts sufficient to constitute a cause of action in favor of the trustees. Insofar as the executors are concerned, it is apparent that the probate court, the court of original jurisdiction, is exercising that jurisdiction and has not completed the exercise of its powers and duties. That it has power to settle the entire matter and to fully determine the rights of the legatees and devisees is clear from the. probate code and from our decisions. (See, e. g., the statutes above mentioned and *Wilson v. Channell,* 102 Kan. 793, 796, 175 Pac. 95, 1 A. L. R. 987; *Foss v. Wiles,* 155 Kan. 262, 124 P. 2d 438.) Even though it be assumed the district court had concurrent jurisdiction, the general rule is that the court which first acquires jurisdiction may draw to itself all matters inhering and retain such jurisdiction and control to the exclusion of any other court of concurrent jurisdiction. (*Egnatic v. Wollard,* 156 Kan. 843, 857, 137 P. 2d 188, and cases cited.) The only inference to be drawn from the petition is not that the probate court has surrendered jurisdiction, even if that could lawfully be done, but that it took jurisdiction and .is fully exercising the same.

The facts pleaded in the petition disclose that the estate of David Herbel is in process of administration in the probate court, and that the administration has not been completed. In the course of that administration the probate court has full power to make such orders and decisions as may be requisite to settle and determine all of the matters which plaintiffs in the present action seek to have the district court settle and determine. In such a case the district court has no original or concurrent jurisdiction, and the decision of the district court that it was without jurisdiction was correct.

The ruling and decision of the district court is affirmed.