No. 37,567

In the Matter of the Estate of Noel Erwin, Deceased (CLARENCE C. RICHARDSON, Administrator of the Estate of Leon Richardson, Deceased, *Appellee*, v. ORDA ERWIN, *Appellant*).

(205 P. 2d 925)

Opinion filed May 7, 1949.

*Herman W. Smith Jr.*, of Parsons, argued the cause, and *Elmer W. Columbia* and *John B. Markham*, both of Parsons, were with him on the briefs for the appellant.

*A. L. Foster*, of Parsons, and *Pete Farabi*, of Pittsburg, argued the cause, and *Sylvan Bruner* and *Morris Matuska*, both of Pittsburg, were with them on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: The appeal in this case is from the judgment of the district court which approved and affirmed an order of the probate court appointing an administrator for the estate of Noel Erwin, deceased.

We are advised by counsel that on January 25, 1948, an automobile driven by Leon Richardson, seventeen years of age, and an

automobile driven by Noel Erwin, nineteen years of age, collided on one of the county highways of Labette county, with the result that both of the young men were fatally injured.

On April 20, 1948, Clarence C. Richardson, administrator of the estate of Leon Richardson, deceased, filed in the probate court of Labette county his petition for the appointment of an administrator for the estate of Noel Erwin, deceased. In the petition he alleged that Noel Erwin, a resident of Labette county, died January 26, 1948, leaving as his sole heirs at law his father, Orda Erwin, and his mother, Juanita Erwin, and stating their address; that the deceased at the time of his death owned property in Labette county to the extent of at least $500; that the petitioner "has a claim and cause of action against the estate of Noel Erwin, deceased, for damages for the wrongful death of Leon Richardson, deceased, which was caused by the negligence of Noel Erwin, in the manner in which he operated an automobile January 25, 1948, on a public highway in Labette county, Kansas, about four miles south of Altamont, Kan. That the appointment of an administrator of the estate of Noel Erwin, deceased, is necessary for the conservation, collection and administration of the property belonging to Noel Erwin, deceased. That the appointment of an administrator of the estate of Noel Erwin, deceased, is further necessary in order that petitioner may present and exhibit said claim and cause of action and prosecute the same as provided by law."

It was further alleged that Orda Erwin is the father of Noel Erwin and is a proper and suitable person to whom to grant letters of administration. The petition closed with an appropriate prayer for such appointment.

Orda Erwin filed in the probate court his written objections to the appointment of the administrator in which he alleged the petition for the appointment violates G. S. 1947 Supp. 59-2202 in that (a) it fails to state the interest of the petitioner and his right to apply to the court for the relief sought; and (b) it does not state facts in ordinary and concise language showing that the petitioner is entitled to the relief sought. It further alleged that the petitioner is not an "interested person" within the meaning of G. S. 1947 Supp. 59-2221 and therefore has no authority to force an administration of the estate of Noel Erwin. The prayer was that the petition for the appointment be denied.

After a hearing the probate court sustained the petition and appointed Orda Erwin as administrator of the estate of his son, Noel Erwin, and fixed his bond at $800. From that judgment Orda Erwin appealed to the district court, where there was a trial *de novo*. After hearing the evidence the court found that the order of the probate court appointing the administrator should be sustained and that Orda Erwin should be appointed as such administrator. The court, therefore, ordered, adjudged and decreed, "that the order of the probate court of Labette county, Kansas, appointing Orda Erwin administrator of the estate of Noel Erwin, deceased, be and the same is hereby approved and affirmed. That petitioner has a claim and an interest in the estate of Noel Erwin, deceased, that requires the appointment of an administrator to determine the respective rights of the parties and that Orda Erwin should be and he is hereby appointerd as administrator of the estate of Noel Erwin, deceased, and that upon the filing of his oath and upon the filing of his bond in the amount of $800, Letters of Administration issue," and remanded the matter to the probate court for further proceedings. From this judgment and order Orda Erwin has appealed and contends the court erred in appointing any administrator and thereby forcing an administration in the estate of Noel Erwin, deceased, and erred in adjudging that Clarence E. Richardson, administrator and petitioner, had a claim or interest in the estate of Noel Erwin, deceased.

Appellant cites and relies heavily upon G. S. 1947 Supp. 59-2202, which is one of the sections containing general provisions of probate procedure and in part reads:

"Every petition in a probate proceeding shall state: . . . (4) the facts, in ordinary and concise language, showing that the petitioner is entitled to the relief sought; . . ."

Upon this basis the appellant asked: "What did Noel Erwin do?" and other questions going to make up the alleged negligence and the facts pertaining thereto. When tested by this section of the statute we think the allegations of the petition were sufficient. Certainly, it would not have been proper to try out all the facts pertaining to the negligence of Noel Erwin in a petition for the appointment of an administrator of his estate. The specific statute applicable to the contents of a petition for administration is G. S. 1947 Supp. 59-2219. There is no contention that the petition did not conform fully to this section.

Appellant contends that the petitioner was not a "person interested in the estate" mentioned in G. S. 1947 Supp. 59-2221. The point is not well taken. That section does not define who may be a person interested in an estate. The petition filed in probate court clearly showed that the petitioner was one who had a claim against the estate which he desired to file and prosecute. We think that disclosed ample interest in the estate to justify the petitioner in filing the petition.

Appellant criticises the evidence offered by the petitioner in the district court. The petitioner testified that he had a claim against the estate of Noel Erwin, deceased; that it was his intention to prosecute that claim through the courts, and that he was asking for the appointment of an administrator of the estate of Noel Erwin, deceased, in order that he might present the claim and prosecute it. We think that, together with other matters disclosed by the record, furnished ample grounds for the decision of the trial court.

The judgment of the court below is affirmed.