No. 37,621

NICHOLAS M. VILM, *Appellant,* v. CLYDE M. HUDSON, as Judge of the Probate Court of Sedgwick County, *Appellee.*

(205 P. 2d 1021)

Opinion filed May 7, 1949.

*Austin M. Cowan,* of Wichita, argued the cause, and *W. A. Kahrs, Robert H. Nelson, Clarence N. Holeman, Keith L. Wallis,* all of Wichita, and *Arthur M. Morris,* of Denver, Colo., were with him on the briefs for the appellant.

*W. D. Jochems,* of Wichita, argued the cause, and *J. Wirth Sargent, Emmet A. Blaes, Roetzel Jochems, Robert G. Braden* and *S. C. Durbin,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action to obtain a writ of prohibition. Plaintiff appeals from an order sustaining the defendant's demurrer to his petition.

In his petition plaintiff alleged: 1. That he was a resident of Denver, Colo. 2 and 3. That defendant at all times involved was the qualified and acting probate judge of Sedgwick county, Kansas. 4. That plaintiff was the owner of real estate in Sedgwick county. 5. That on June 28, 1948, a son of plaintiff caused to be filed in the above probate court a petition alleging that plaintiff was temporarily away from Wichita, visiting another son in Denver, Colo., and that plaintiff was an incompetent person, senile, distracted and feeble-minded and in such mental condition that he was unable to

look after his property and business affairs and that it was to his best interest that a guardian be appointed for his estate. 6. That upon the filing of that petition the probate judge made an order directing that notice be served upon the plaintiff by the sheriff of Denver county, Colorado, and that such service was made. 7. That on July 14, 1948, plaintiff filed a special appearance in the probate court alleging that he was a permanent resident of Denver, Colo., that he had left the state of Kansas without intention of returning and that he retained no home or domicile in the state of Kansas. 8. That the only notice served upon plaintiff was the one referred to in 6 above. 9. That the probate court overruled his special appearance and assigned the matter for hearing in the future and if not prohibited will proceed to hear and determine the contents of the petition filed against the plaintiff. 10. That the service of notice upon plaintiff in the state of Colorado would not confer jurisdiction upon the probate court, and if the court proceeds to hear the petition such proceeding will not be due process of law. 11. That the probate court is without jurisdiction to entertain the petition and that all proceedings had in that cause and all contemplated proceedings are without right or authority in law. The prayer of the petition was for a writ prohibiting the defendant probate judge from proceeding further in the matter. Attached to and made part of the above petition are copies of the petition filed in the probate court, the order of that court setting the petition for hearing and for service of notice, and the notice given and proof of service thereof. We need not review these documents further than to note that in the petition in the probate court it was alleged that Nicolas M. Vilm was a resident of Sedgwick county, Kansas, temporarily away from Wichita and visiting his son in Denver.

The defendant in the action in the district court demurred to the petition on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained and the plaintiff has appealed.

Appellant, in his brief first calls attention to the fact that this court has held that a writ of prohibition is a proper remedy where a probate court attempts to proceed in a matter where it is without jurisdiction (citing *Beeler v. Beezley,* 126 Kan. 268, 367 Pac. 1112, and other cases), and then contends that the probate court may not

proceed against an alleged incompetent on the theory that he is a resident when in fact he is a nonresident and no personal service has been had upon him within the state of Kansas. Appellant points out that while it was alleged in the petition filed in the probate court that he was a resident of Wichita, Kan., in the district court proceeding now under consideration, in his petition he alleged that he was a resident of Denver, Colo., and that defendant's demurrer admitted that fact, and his argument is based on the premise that he is a resident of Colorado and a nonresident of Kansas. On that premise appellant argues that it is a condition precedent to the appointment of a guardian for his estate that his incompetency must be established; that such a proceeding is *in personam*; that service upon him must be personal and not constructive, and that personal service out of the state, such as was had here, is not sufficient.

In our opinion the appeal is not so to be determined. We are of opinion the matters in issue are controlled by the provisions of the probate code appearing as G. S. Supp. 1947, ch. 59 (hereafter referred to by chapter and section number) and by certain decisions hereafter mentioned.

The petition filed in the probate court set forth fully that Nicolas M. Vilm was a resident of Sedgwick county, Kansas, and that he owned property within that county, and thus for the purpose of the appointment of a guardian of his estate the venue was in the probate court of that county (59-2203); likewise the petition also contained the information required by 59-2257 and was sufficient to invoke the jurisdiction of the court. Under the facts disclosed by that petition the probate code required that personal service should be made upon the ward in such manner and for such period of time as the court should direct (59-2259) and that an order setting the matter for hearing and for the giving of notice was made and that such notice was given is shown by the probate court proceedings and admitted by the petition in the district court. We pause here to note a contention is made that the use of the word "ward" indicates there had been a previous adjudication of incompetency, but whatever may be a strict definition of that word, we think the context of the statute shows it refers to one against whom a finding of incompetency is sought. It thus appears that the probate court proceeding presented the following matters for

proof: Was Vilm a resident of Sedgwick county? Was he incompetent and subject to guardianship? If so, did he own property so that appointment of a guardian of his estate was necessary and proper? If on the hearing it developed that Vilm was a resident of Denver, Colo., and a nonresident of Kansas, the particular relief sought would have to be denied. That the allegations were sufficient to challenge jurisdiction of the probate court over the party charged and the subject matter involved, cannot be denied. What judgment that court may render on a hearing of the petition and any defenses that may be interposed is not of present importance, but that by its orders already made the probate court is exercising jurisdiction is plain. It is also clear that the jurisdiction thus invoked is originally and exclusively in the probate court by reason of the provisions of the probate code (*Starke v. Starke,* 155 Kan. 331, syl. ¶ 1, 125 P. 2d 738). Even though it be conceded the district court had jurisdiction, under our decisions the probate court having first acquired jurisdiction is allowed to pursue it to the end and to the exclusion of the district court (see, e. g., *Graves v. National Mutual Cas. Co.,* 164 Kan. 267, 188 P. 2d 945, and cases cited).

In our opinion *Beeler v. Beezley,* supra, relied upon by appellant as upholding his right to maintain his present action does not do so. In that case a writ of prohibition was granted because, under the statutes then in force and which we need not here examine, the information filed in the probate court disclosed that court had no jurisdiction to entertain it. In the case before us, as is pointed out above, the petition filed in the probate court disclosed it had jurisdiction.

In view of what has been said it follows that the probate court, on a sufficient petition, was exercising its original, exclusive jurisdiction, and a resort to some other court to prohibit the probate court from pursuing that jurisdiction to the end, ought not to be and will not be permitted.

The district court's ruling on the demurrer is affirmed, and the cause is remanded with instructions to that court to dismiss the action.