No. 38,158

Lyle Bindley, *Appellee,* v. R. D. Mitchell, *Appellant.*

(228 P. 2d 689)

Opinion filed March 10, 1951.

*Evart Garvin,* of St. John, argued the cause and *E. C. Minner,* and *Harry A. Waite,* both of Dodge City, and *Robert Garvin,* and *Morris Garvin,* both of St. John, were with him on the briefs for the appellant.

*John Etling,* of Kinsley, argued the cause, and *C. C. Linley,* of Cimarron, was with him on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: This was an action to partition a described half section of land in Gray county. The trial court sustained plaintiff's motion for judgment on the pleadings. Defendant has appealed.

The legal question presented is the validity of an order of the probate court, made on the final settlement of an estate, determining the fractional shares of beneficiaries named in the will. It arises in this way: S. P. Rinard, a resident of Gray county and the owner of real and personal property in addition to that here involved, died on February 1, 1946, testate. His will was duly admitted to probate and an executor appointed, who administered the estate and made his final report, which was duly presented to the court and came on for hearing, and a final decree was entered and an order made discharging the executor on March 14, 1947. By that decree the court found the respective shares of the beneficiaries named in the will and made an appropriate decree assigning to each his respective share or interest in the property. No appeal was taken from that decree.

Most of the beneficiaries to whom were assigned fractional shares in the half section of land in question later sold their interests to plaintiff. A few of them sold to defendant. Plaintiff brought this action to partition the property, alleging therein the shares he owned by reason of the deeds from the distributees. Defendant by answer and cross petition attacked the order of distribution as to the finding of the fractional shares of the beneficiaries in the will in the property in question. The real question here is whether the probate court made an erroneous interpretation or construction of the will, or whether what the court did amounted to a reformation of the will.

So far as is here important it may be said the will appointed a trustee, with certain duties, some of which are not important here. The portions of the will immediately involved read:

"Second: (d) That portion of my real estate (describing the half section here involved) I give unto my trustee to be leased for a period of three years and the proceeds therefrom divided, after the payment of necessary expenses, share and share alike, between my sisters, Alla Rinard, Mary Mulinex and Laura Graham. In event any of said sisters shall die before the end of said three year period, the portion to which they should have been entitled shall fall into the residue of my estate. . . .

"Fifth: All the rest, residue and remainder of my property at my death, shall be divided share and share alike among my following nephews and nieces": (naming thirteen persons).

With respect to the shares of the three sisters, the probate court in its decree found that Alla Rinard died April 26, 1946, and that in accordance with the provisions of the will the one-third share of the income from the half section from the date of the death of Alla Rinard until the expiration of the three year trust period, and then the fee simple title to the undivided one-third of the half section, passed to the residuary legatees. With respect to Mary Mulinex the court found her share to be one-third of the net income for three years under the testamentary trust and then one-third fee simple title to the half section. A similar finding was made as to the share of Laura Graham. The court further found that in accordance with the provisions of the will the shares inherited by Mary Mulinex and Laura Graham in relation to the net income and fee simple title to the half section should pass to the residuary legatees named in the will in the event either Mary Mulinex and/or Laura Graham should die before the three year trust period created by the will. The court further found that under the provisions of the will the share of each of the thirteen persons named in the fifth clause of the will was a one-thirteenth of the residue of the estate.

· The probate court made and entered an appropriate decree distributing the title to the half section in question in harmony with its findings. The court also approved the final report of the executor and made an order discharging him from further duties. As previously stated, no appeal was taken from the findings and order of the probate court, and none of the distributees of the half section here involved has ever questioned the validity of that decree. They do not question it in this partition action. The plaintiff in this action seeks partition of the property in harmony with the decree of the probate court, having purchased for a valuable consideration the respective shares of a number of the distributees.

The defendant, appellant here, purchased the shares of a few of the distributees and contends that upon the final settlement of the estate the probate court, attempting to interpret and construe the terms and provisions of the will, exceeded its jurisdiction and attempted to rewrite the will and to vest title to the land in controversy in violation of the terms and provisions of the will, and that the decree of the probate court, insofar as it refers to the half section here involved, is void for the reason that it violates the constitution of the United States and the constitution of the state of Kansas. He further alleged that under the will and subject to

the trust provisions contained therein the fee title to the land here involved vested in the residuary legatees named in the will, and that each of the residuary legatees was given and devised under the terms of the will an undivided one-thirteenth interest in the real property here involved.

Appellant rests his case primarily upon the rule laid down in *Hoover v. Roberts,* 144 Kan. 58, 58 P. 2d 83, where it was held:

"The excision of the word 'intestate' from a will and the substitution of the phrase 'without issue' constitute neither interpretation nor construction of the terms of the will, but reformation, over which latter subject matter a district court has no jurisdiction.

"A judgment, void for want of jurisdiction, may be collaterally attacked at any time."

Appellant concedes that he is making a collateral attack upon the decree of distribution of the estate made by the probate court and argues that if the decree of the probate court is in effect void, as he contends, he has a right to attack it in this case. Appellee concedes these legal principles, but argues there is language in the will which justifies the interpretation of it given by the probate court. We shall not dwell at length upon the analysis of the various provisions of the will upon which this argument is predicated. Appellee further argues that the probate court had not only the authority but the duty of interpreting and construing the will and determining the respective shares of the beneficiaries in the land here involved and of making the order of distribution. This point is well taken. See, G. S. 1949, 59-301 (5), 59-2249; *Bitzer v. Smith,* 158 Kan. 83, 87, 145 P. 2d 148; *Herbel v. Nuss,* 158 Kan. 376, 147 P. 2d 735. Appellee further contends that even though the probate court erroneously construed the will, the judgment and decree of the probate court became final, and that purchasers of the shares of the respective distributees with this decree of record, a fact to which they were bound to take notice, cannot be heard to question it; that as far as it pertains to the jurisdiction of the probate court, the court had jurisdiction without regard to whether its interpretation of the will was accurate or inaccurate. That doctrine is sustained by the second appeal of the case of *Hoover v. Roberts,* reported in 146 Kan. 785, 74 P. 2d 152, where it was held:

". . . that although the district court had no jurisdiction to reform the will, it did have jurisdiction to construe the will, and that its judgment, as to that portion of the will which constituted only a construction thereof, was final."

Appellee also cites the case of *Kistler v. Fitzpatrick Mortgage Co.,* 146 Kan. 467, 71 P. 2d 882, where it was held:

"Where a court has jurisdiction of the subject matter of the action and of the parties a judgment within the issues raised by the pleadings, even if erroneous, is not void."

In that case the court was called upon to review a former decision of the district court, which construed a will by which the testator gave to his wife certain described property "during her natural life, and from and after her death to my grandson, John Albert Kistler, to have and to hold the same absolutely and forever," as creating an estate tail which could be cut off by a deed. Following that decision a deed was made and the property encumbered by a mortgage. Later the grandson, John Albert Kistler, brought a suit to set aside the former decree upon the ground that it was void, contending that the will gave the widow of the testator only a life estate in the property and vested the fee in him subject to that life estate. This court held that the earlier decree, having been made by a court which had jurisdiction of the subject matter, and the parties, never having been appealed from, was not void but only erroneous and voidable, and could not be collaterally attacked.

In *Cross v. Hodges*, 124 Kan. 672, 261 Pac. 585, a similar question was before the court and it was held:

"Where the interpretation of a will was properly drawn in question, the judgment of a district court of competent jurisdiction, whether correct or not, is a finality—where all parties concerned in the will and in the judgment were properly impleaded, and where no appeal was taken from that judgment within the time allowed therefor by the code of civil procedure."

There is merit in having finality of judicial decisions. As we have seen, the probate court at the time of the final settlement of the estate of S. P. Rinard had not only the authority but the duty of interpreting his will, determining the fractional shares of the beneficiaries in his estate, and making an appropriate decree assigning to each of them their respective shares. That was done. If the court erred in doing so the method of correcting the error was by an appeal (G. S. 1949, 59-2401). No such appeal was taken. The parties here are not the original distributees of the estate. They are purchasers from such distributees. They necessarily purchased upon the strength of the probate court's decree. We think the decree was not void, though possibly it was erroneous. Not having appealed from the order of distribution the distributees could not themselves at this time question the distribution made. Certainly the appellant here is in no better position.

We find no error in the record. The judgment of the trial court is affirmed.