No. 38,626

In the Matter of the Estate of Edwin A. Rothrock, Deceased; EDNA ROTHROCK JENKINS, *Appellant*, v. LUTIE M. ROTHROCK, *Appellee*.

(252 P. 2d 598)

Opinion filed January 24, 1953.

*Bert E. Church,* of Wellington, and *D. Arthur Walker,* of Arkansas City, argued the cause, and *Wm. E. Cunningham* and *William R. Howard,* both of Arkansas City, were with them on the briefs for the appellant.

*W. H. Schwinn* and *Ford Harbaugh,* both of Wellington, argued the cause, and *Tom L. Schwinn,* of Wellington, was with them on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J: A proceeding was commenced in the probate court by the filing of a petition to vacate and set aside an allegedly void order of final settlement assigning property belonging to a decedent's estate. From an adverse judgment the petitioner appealed to the district court, which denied the relief sought and petitioner has appealed to this court.

The following facts are admitted either by the pleadings or by express stipulation of the parties.

Edwin A. Rothrock, who was the husband of Lutie M. Rothrock and the father of Ray R. Rothrock, made a last will and testament in which he bequeathed and devised his entire estate to his wife. He died on December 14, 1940, and on January 27, 1941, his will was duly admitted to probate. This will did not bear any consent to its terms by Lutie M. Rothrock. She was appointed and qualified as administratrix with the will annexed and proceeded to administer her husband's estate, but she did not file in the probate court any formal election to accept the provisions of the will as contemplated by G. S. 1939 Supp. 59-2233, then in force. On December 31, 1941, she filed her final report. We need not notice the details of her accounting therein made, but her report alleged specifically that Edwin A. Rothrock died testate on December 14, 1940; that he left as his sole and only heirs at law his widow Lutie M. Rothrock and his son Ray R. Rothrock, but that under his will all of his property was willed to and became the property of Lutie M. Rothrock and that under the will all of the property, real and personal, should be vested in her by an order of the court, and her prayer was in accord. The probate court entered an order directing that hearing be held on January 23, 1942, and that notice be given. Notice, of which no complaint is made, was given. It is expressly conceded that Ray R. Rothrock received a copy of the notice of hearing. On the day set the hearing was had. The journal entry discloses the probate court found that no objections or exceptions had been filed or made by any person to the final report and that

no one appeared to object or protest it; that the report was full and correct and should be approved and confirmed; that the court further found and adjudged Edwin A. Rothrock had died testate; that his heirs at law were his widow and son; and that under his will Lutie M. Rothrock was bequeathed and devised all of his estate and it should be ordered and decreed by the court to be vested in her; and it entered judgment accordingly. No appeal was taken by any person from the above findings and judgment.

The above named Ray R. Rothrock died January 28, 1944, leaving a last will and testament under which he bequeathed and devised all of his property to his wife Edna Rothrock, whom he appointed as executrix. The will was admitted to probate, she filed her election to accept the provisions of the will and she administered his estate which was ultimately finally settled on March 1, 1945. For whatever it may be worth, it is noted the record shows no effort on the part of the executrix of Ray R. Rothrock to claim or obtain possession of any assets of the estate of Edwin A. Rothrock on any theory that Ray R. Rothrock, at the time of his death, had any interest therein.

Nothing further occurred in the Edwin A. Rothrock estate until March 14, 1950, when a petition was filed by Edna Rothrock Jenkins, formerly Edna Rothrock, surviving spouse of Ray R. Rothrock, in which she pleaded at length the death of Edwin A. Rothrock, testate, admission of his will to probate; that Lutie M. Rothrock had not consented to the terms of his will, had failed to file an election to accept the terms of his will as provided by G. S. 1939 Supp. 59-2233, and by reason thereof was conclusively presumed to have renounced his will and have taken under the laws of intestate succession and that Ray R. Rothrock became the owner of one-half of all the property of Edwin A. Rothrock. She then pleaded at length that Lutie M. Rothrock, administratrix with the will annexed of Edwin A. Rothrock, had filed a final settlement and had given notice of the hearing thereof; that Ray R. Rothrock received a copy thereof, but that no statement or claim was made in the notice that Lutie M. Rothrock intended to claim any interest in the estate other than her right under her statutory election, and relying thereon Ray R. Rothrock made no appearance at the hearing on final settlement; and that the probate court, without any notice to him, ordered all of the estate assigned to Lutie M. Rothrock and nothing to Ray R. Rothrock. Petitioner further alleged that that portion of the order assigning all of the property to Lutie M. Roth-

rock was void for the reason the probate court had no jurisdiction in that (*a*) Lutie M. Rothrock did not consent to the will, and did not file her election to accept it and by reason thereof she was conclusively presumed to have renounced the will and to take under the laws of intestate succession, and the estate of Edwin A. Rothrock was owned by Lutie M. Rothrock, surviving spouse, and by Ray R. Rothrock; (*b*) that the notice of hearing of final settlement gave no notice to Ray R. Rothrock of the intention of Lutie M. Rothrock to ask the court to assign the entire estate to her pursuant to the will and contrary to law, no written election to accept the will having been filed by her, and that to the contrary, the notice implied and led Ray R. Rothrock to believe the property would be assigned under the laws of intestate succession; (*c*) that upon failure of Lutie M. Rothrock to file an election to take under the will Ray R. Rothrock automatically and by virtue of law became the absolute owner of an undivided one-half interest of the real and personal property of Edwin A. Rothrock, and the order of the probate court assigning the entire estate to Lutie M. Rothrock without notice to Ray R. Rothrock, or an opportunity to be heard and to assert his rights, deprived him of his property without due process of law; and (*d*) that no proceeding was ever brought by Lutie M. Rothrock to vacate or set aside her statutory election to take her share of her husband's estate under the laws of intestate succession rather than under the will, no such proceeding was before the probate court on hearing of the final settlement, and by reason thereof was outside the issue and the order was invalid, null and void as being beyond and outside the jurisdiction of the probate court. It was further alleged that by reason thereof Ray R. Rothrock was entitled to an undivided one-half of his deceased father's estate. We need not review allegations showing that petitioner succeeded to the rights of Ray R. Rothrock.

To the above petition Lutie M. Rothrock filed a lengthy answer. We shall not review the many admissions or denials therein contained, but do note specific allegations that Lutie M. Rothrock was never in the probate court at any time during the administration of her husband's estate when she was not accompanied by her son and that he was personally present on January 23, 1942, when the court made its decree of final settlement and distribution; that Ray R. Rothrock knew that she was claiming the entire estate and during his lifetime made no objection; that the petitioner, after her marriage to Ray R. Rothrock (November 12, 1942) had full

knowledge of the terms of the will and made no objection until she filed her petition on March 14, 1950; that the order of the probate court of January 23, 1942, was not a void order; that notice of hearing served on Ray R. Rothrock of the hearing for final settlement was proper and that the petitioner is barred by the statute of limitations; that Ray R. Rothrock knew that his mother had elected by her acts and conduct to take under the will, and that petitioner knew it and was estopped to claim that she had made no election as alleged in the petition. It was further alleged in the answer that the decree of final settlement in the Edwin A. Rothrock estate was under notice with Ray R. Rothrock present and was a final order, conclusive upon him and upon this petitioner Edna Rothrock Jenkins.

Upon hearing the probate court denied relief to the petitioner and she appealed to the district court. At the trial in the district court, many of the facts were stipulated, including that Lutie M. Rothrock had not filed any written election to take under the will of her husband, that she made final settlement of his estate and that there was no appeal from the order thereon. It was further stipulated that the files of the probate court in the estates of Edwin A. Rothrock and of Ray R. Rothrock, or such of the files as either counsel desired, might be introduced. Many of such files and a great deal of oral testimony was received in evidence, some of the latter being objected to as incompetent. After consideration of the evidence the district court found, in substance, that Lutie M. Rothrock had made an election *in pais* to take under her husband's will; that Ray R. Rothrock, former husband of the petitioner, was personally present in probate court when the order and decree of final settlement was made, and it further found that petitioner's claim should be denied. Petitioner filed objections to a proposed journal entry of judgment and a motion for a new trial. The objections were overruled and a new trial was denied, and in due time the petitioner appealed to this court. In her abstract she specifies error in twenty particulars, which will be considered insofar as they are necessary to a disposition of the appeal.

In her brief, the appellant presents for discussion three general questions: (1) That under the law pertaining to an election to accept the terms of a will or to take under the laws of descents and distributions as it existed while the estate of Edwin A. Rothrock was being administered, and election *in pais* could not be made. (2) That having elected to take under intestate succession, because

no written election to accept the will had been filed in the probate court, there was no will so far as Lutie M. Rothrock was concerned. (3) That the order of final settlement assigning the entire estate to Lutie M. Rothrock was invalid and void for lack of jurisdiction. In addition appellant directs attention to claimed errors in the admission and exclusion of evidence. Appellant states the first question presented is the crucial one. Apparently this is on the assumption the trial court's judgment did not include any specific finding that the order of final settlement was not void and the plaintiff was barred from making attack upon it. The court did, however, find that petitioner's claim should be denied—a finding that would include that the order of final settlement was not void, and that petitioner's right to relief was barred. In our opinion if it be determined the judgment is not void, there is then no question but that under G. S. 1949, 59-2213, and the sections of the code of civil procedure therein referred to, the attack having been made more than three years after the judgment complained of was rendered, was too late. If that be true all other questions propounded and discussed are immaterial, and we therefore examine whether the judgment of the probate court on final settlement of the estate was void.

Before taking up appellant's specific contention the judgment was void, we note the fundamental rule that where a court has jurisdiction of the parties to an action and of the subject matter thereof and renders a judgment within its competency, the judgment is final and conclusive unless corrected or modified on appeal (*Smith v. Power,* 155 Kan. 612, 127 P. 2d 452) or as otherwise stated where the court has jurisdiction of the subject matter of the action and of the parties a judgment within the issues raised by appeal, even if erroneous, is not void, and if not appealed from becomes final and binding on the parties. (*Kistler v. Fitzpatrick Mortgage Co.,* 146 Kan. 467, 71 P. 2d 882.) Long before the above cases were decided this court applied the rule in *Lewis v. Woodrum,* 76, Kan. 384, 92 Pac. 306, a case somewhat like the one at bar, where it was held:

"The notice of a proposed final settlement of an estate having been given, the probate court has jurisdiction to make the settlement, apportion the residue of the estate among those entitled to share in it, and to order distribution.

"Such order is binding and conclusive upon all having notice of the proceeding, unless vacated or set aside upon the grounds and by the methods prescribed by statute." (Syl. ¶¶ 1, 2.)

See, also, *Bindley v. Mitchell,* 170 Kan. 653, 228 P. 2d 689.

On the general question of the pleadings required and of the jurisdiction of the probate court, we note that under G. S. 1949, 59-2247, an executor or administrator shall file a petition for a final settlement and determination of the persons entitled to the estate of a decedent which in substance shall contain, among others, a statement of the account, the names of the heirs, legatees and devisees, a description of the real estate and the nature and character of the respective claims of the heirs, devisees and legatees of the decedent, and that notice of the hearing of the petition shall be given as required by G. S. 1949, 59-2209. Insofar as power and competency of the probate court is concerned, at the hearing, the executor or administrator shall be examined relative to the distribution of the estate, and upon settlement the court shall determine the heirs, devisees and legatees entitled to the estate and assign the same to them by its decree and its decree shall name those persons, describe the property and state the part or portion to which each is entitled. Other parts of the statute need no present mention.

Without reciting details the petition for final settlement filed December 31, 1941, showed the accounting and listed the personal and real property on hand, stated the names of the heirs, that decedent left a will bequeathing and devising his estate to Lutie M. Rothrock, and that the title to all such property should be vested in her. That this petition met statutory requirements is too clear to be debatable. The record also discloses that the petition was set for hearing, that notice was given, and on the day fixed the petition was heard. No person filed any objections to or questioned the petition in any manner. The hearing was had in accordance with the notice, and in substance, the journal entry of judgment discloses that no objections to the final report were made; that decedent died testate; that his heirs at law were his widow and son; that under his will his widow was bequeathed and devised all of his property and it was decreed vested in her, the items of personal and real estate being set out in detail.

The gist of appellant's contention the order of final settlement was void, insofar as it assigned the entire estate to Lutie M. Rothrock, is that a court is required to take judicial notice of prior proceedings had in the case (*Hamilton v. McGinnis,* 119 Kan. 719, 723, 241 Pac. 690, and *Baron v. Lyman,* 136 Kan. 842, 850, 18 P. 2d 137), that this included notice that her failure to file a timely

election to accept the provisions of the will amounted to an election to take under the law, and that insofar as she was concerned there was no will, and inferentially that such failure amounted to an order or judgment, which the court had no power to modify after thirty days (*In re Estate of Lillibridge*, 161 Kan. 93, 166 P. 2d 720); that she never filed any pleading to set aside and vacate the election so made; that the petition for final settlement did not attempt to set aside the election so made; and that the order made on final settlement assigning the entire estate to her was outside of and beyond the issue presented by her petition for final settlement (*Gille v. Emmons*, 58 Kan. 118, 48 Pac. 569, 62 Am. St. Rep. 609; *In re Estate of Hoover*, 155 Kan. 647, 127 P. 2d 460; Black on Judgments, § 183, pp. 212, 214).

In our judgment the above contention cannot be sustained. First, the cases relied on by appellant that the court takes judicial notice of prior proceedings go no further than to say it may do so. We need not debate that matter however, for even if it be conceded that the failure of the widow to file a timely written election to accept the terms of her deceased husband's will, amounted to an order or judgment that she had elected to take under the law, her son, the only party in interest to raise the question, filed no answer or objection raising any question the matter was *res judicata.* We have heretofore set forth the allegations of the petition and shall not repeat them. That the question of who should receive the estate was presented as required by the statute, needs no further comment. The contention that the petition for final settlement did not raise the question as to who was entitled to the property of the estate is not good. And that the probate court had jurisdiction to hear the final report and to determine the heirs, legatees and devisees entitled to the estate and to assign the same to some of them by its decree was so clearly stated in the statute then in effect (G. S. 1939 Supp. 59-2249), and since unchanged, as to require no further comment. On the face of the record the probate court had jurisdiction of the parties and of the subject matter, the pleading raised the question as to who was entitled to the estate and the court rendered a judgment within its competence under the above statutes. It is of no moment that the judgment may have been erroneous for any reason. Jurisdiction is not determined on whether the judgment rendered was right or wrong. If jurisdiction exists the court has power to decide the case whether its decision

is right or wrong. If there is error, the remedy is by appeal. (See *Eberhardt Lumber Co. v. Lecuyer*, 153 Kan. 386, Syl. ¶ 3, 110 P. 2d 757; *In re Estate of Bourke*, 159 Kan. 553, 559, 156 P. 2d 501; *Steinkirchner v. Linscheid*, 164 Kan. 179, 188 P. 2d 960, and cases cited.)

Our conclusion is that the judgment of the probate court on final settlement of Edwin A. Rothrock's estate was not void and may not be set aside for that reason. If it were voidable for any reason, the motion to have it vacated and set aside was filed too late. In view of our conclusion we need not discuss other contentions presented.

The judgment of the trial court is affirmed.