In re Estate of Audrey E. Johnson, Deceased, (JOSEPH B. CROWTHER, Administrator, et al., *Appellees*, v. ELLEN FRANCES BASSLER, Administratrix of the Estate of William B. Bassler, Deceased, *Appellant*.)

No. 40,530

JOSEPH B. CROWTHER, Administrator, *Appellant*, v. ELLEN FRANCES BASSLER, Administratrix of the Estate of William B. Bassler, Deceased, *Appellee*.

(308 P. 2d 100)

Opinion filed March 9, 1957.

*E. S. Hampton*, of Salina, argued the cause, and *H. H. Dunham, Jr., John*

*Q. Royce, Howard G. Engleman, C. Stanley Nelson* and *Jack N. Stewart,* all of Salina, were with him on the briefs for appellant in appeal No. 40,332 and appellee in appeal No. 40,530.

*Horace A. Santry,* of Salina, argued the cause, and *John I. Young, W. B. Crowther* and *Morris Johnson,* all of Salina, were with him on the briefs for Joseph B. Crowther, Administrator of said estate, appellant in appeal No. 40,530 and appellee A. Dean Hunt in Appeal No. 40,332.

The opinion of the court was delivered by

FATZER, J.: These two consolidated appeals present the question of whether a judgment of a probate court, rendered in a proceeding appointing an administrator of a decedent's estate following proper notice to all interested persons and upon evidence in support of a petition for administration, finding that the decedent died intestate and a resident of that county, which judgment was not vacated, set aside or appealed from, may be collaterally attacked in two subsequent proceedings, one to revoke and the other to vacate the order appointing the administrator based upon such finding, upon the ground that the decedent was a nonresident of the state of Kansas at the time of her death.

The pertinent facts, necessary to a disposition of this question, are: The decedent, Audrey E. Johnson, died in Salina, Kansas, October 5, 1953. On that date Joseph B. Crowther, a member of the Bar of Saline County, Kansas, filed a verified petition in the probate court of that county, which is summarized: The decedent died intestate, a resident of Saline County, Kansas, survived by her sister, Frances M. Martin, Portland, Oregon, and her father, William B. Bassler, LaMesa, California, her heirs at law; that it was to the best interests of the estate and all persons interested therein that he be appointed as administrator; that he was decedent's attorney; that the general character and probable value of decedent's estate was over $1,000; that the appointment of an administrator was necessary for the conservation, collection and administration of the property thereof; and, that pursuant to G. S. 1949, 59-2204 some suitable person should be appointed to conserve the estate until a hearing was had on the petition and an administrator appointed. The prayer was that he be appointed administrator. On that date the probate court appointed Crowther special administrator and fixed the time and place of hearing of the petition for appointment of administrator to be in that court at 2:00 P. M. November 3, 1953. Notice of the time and place of hearing was directed to be served upon all interested persons pursuant to G. S. 1949, 59-2209.

Notice of the hearing of the petition was made, served and proof thereof filed by Crowther on October 13, 1953. No question arises as to the sufficiency or proof of the notice since both William Bassler and Frances M. Martin concede that copies of it were received by them notifying them to file their written defenses thereto on or before 2:00 P. M., November 3, 1953.

On November 3, 1953, the date of the hearing of the petition, neither William Bassler nor Frances M. Martin, or their counsel, appeared. The order appointing the administrator recites that the petitioner was present and one A. Dean Hunt appeared in person and with his attorney, and, insofar as here pertinent, further recites:

". . . Thereupon, *evidence is presented on said petition, and the court finds that the said Audrey E. Johnson . . . died intestate* on the 5th day of October, 1953, *being a resident of Saline County, Kansas, at the time of her death,* and leaving an estate to be administered herein, and that Joseph B. Crowther, a resident of Saline County, Kansas, is a proper person to be appointed administrator of said estate." (Emphasis supplied.)

No appeal was taken from this order and it became final on December 3, 1953. Following his appointment and qualification Crowther performed many duties as administrator not here necessary to relate since they do not primarily affect the question presented, thus we proceed directly to the proceedings giving rise to these appeals.

On June 8, 1955, approximately one year and eight months following Crowther's appointment, W. B. Bassler, father of the decedent, filed a petition to revoke letters of administration issued Crowther, alleging that his daughter was never a resident of the state of Kansas and that the jurisdiction, if any, of the probate court of Saline County was limited to property belonging to her and located within the state of Kansas at the time of her death. The allegations of that petition will not be here summarized for the reason that A. Dean Hunt, a resident of Osborne, Kansas, who had previously filed a petition alleging he was the common-law husband of the decedent, filed a motion to strike Bassler's petition from the files, which motion was sustained by the probate court. Thereafter Bassler perfected an appeal to the district court where he sought and was granted leave to file an amended petition. The amended petition, insofar as here pertinent, alleged procedural steps taken in the administration of the decedent's estate; that the decedent was never a resident of the state of Kansas; that she was never married to A. Dean Hunt, and attached thereto were depositions of Bassler, his wife, Ellen Frances Bassler, and Frances M. Martin; and, that the order of

November 3, 1953, appointing Crowther as administrator was invalid, illegal and of no effect for the following reasons:

"The decedent being a non-resident of the state of Kansas, the Probate Court of Saline County, Kansas, was without jurisdiction to issue domiciliary Letters of Administration.

"The domicile of origin of said decedent was the State of California and she never accomplished any change of residence or domicile elsewhere, with the result that the effect of said Letters of Administration is limited solely to whatever tangible personal property belonged to her and which was located within the state of Kansas at the time of her death, if proceedings in support thereof were regularly made.

"Such Letters of Administration, and proceedings taken in support thereof, are invalid, null and void in that the requirements of G. S. 1949, 59-705, were ignored. Joseph B. Crowther as petitioner was not lawfully interested in said estate, either as an heir or as a creditor, and application of such a stranger upon his own Petition was ineffective to invoke the power of the Probate Court."

The prayer was that letters of administration issued Crowther be revoked and pending final determination, his authority be limited to the administration of tangible property located within the state of Kansas.

On March 31, 1956, that amended petition was heard by the district court of Saline County, Kansas, and denied for the reason there was no "triable" issue either of law or of fact presented to the probate court by such petition and that court did not err in striking the petition from its files. Bassler has appealed from that order, which is appeal No. 40,332.

On May 8, 1956, Ellen Frances Bassler, widow and administratrix of the estate of W. B. Bassler, deceased, filed a petition in the probate court to *vacate* the order of November 3, 1953, appointing Crowther as administrator and to set aside his letters of administration pursuant to G. S. 1949, 59-2213 and G. S. 1949, 60-3007 *Third*, on the ground that such order was void; that there were irregularities in obtaining the same; and, that the probate court acted upon an erroneous understanding of the facts when it was made.

In support of her motion and in an attempt to show a valid defense as required by G. S. 1949, 60-3013, she alleged that the decedent was not a resident of the State of Kansas on October 5, 1953, the date of decedent's death, and by reason thereof the probate court wholly lacked jurisdiction to appoint a domiciliary administrator of her estate; that the administrator was a stranger to her estate; that in contravention of G. S. 1949, 59-2213, no

evidence was offered nor proof made upon the hearing of the petition for administration with respect to the domicile and residence of the decedent prior to or on November 3, 1953; that the late Fred D. Joy, then probate judge, acted upon an erroneous understanding of the facts and upon the mistaken view and belief that the probate court had jurisdiction to appoint a domiciliary administrator of the decedent's estate; that, lacking jurisdiction due to the nonresidence of the decedent, the probate court was without power to appoint a domiciliary administrator; and, that the question of residence of decedent was never adjudicated as a contested issue and the refusal to hear and consider evidence of the decedent's domicile and residence deprives the petitioner of due process of law in violation of the 14th Amendment to the federal Constitution. The prayer was that the probate court vacate the order made November 3, 1953, appointing Crowther as administrator of the decedent's estate. Attached to and made a part of this petition were the depositions of W. B. Bassler, Ellen Frances Bassler, Frances M. Martin, Sergeant Francis E. Richard and Emelia Richard, his wife.

On May 15, 1956, the administrator filed a motion to strike this petition from the files, and on June 16, 1956, the probate court sustained that motion and ordered the petition stricken. On appeal to the district court, that court, on July 12, 1956, reversed the decision of the probate court and ordered the petition to vacate the order appointing Crowther as domiciliary administrator remanded to that court with directions to reinstate it and to judicially determine the issues relating to such appointment. The administrator has appealed, which is appeal No. 40,530.

In discussing the question presented, the appellant in No. 40,332 and the appellee in No. 40,530 is hereafter referred to as Bassler, and the appellees and appellant respectively in those cases is referred to as Crowther. Bassler moved for dismissal of Crowther's appeal (No. 40,530) on the ground that it was not taken from a final order. In view of the conclusion hereafter reached, it is unnecessary to discuss this point. The question presented is controlled by the provisions of the probate code appearing as G. S. 1949, Ch. 59 (hereafter referred to by chapter and section number) and by decisions of this court hereafter mentioned.

Bassler's principal contention is that the probate court of Saline County, Kansas, did not have jurisdiction of the subject matter,

*i. e.,* the estate of the decedent, since she was a nonresident of the state of Kansas at the time of her death, and, consequently, that court was without power to appoint a domiciliary administrator. We do not believe the contention has merit. The verified petition for administration filed in the probate court of Saline County stated the essential requirements of 59-2219, and contained a clear and concise statement of essential facts. It alleged that Audrey E. Johnson died October 5, 1953, intestate, and a resident of Saline County, Kansas; it set forth the names, residences and addresses of her heirs; it alleged she owned property and left an estate to be administered in that county; it contained the name, residence and address of the person for whom letters were prayed; thus, for the purpose of the appointment of an administrator of her estate, the venue was in the probate court of that county and the petition was sufficient to invoke the general jurisdiction of that court (59-2203; 59-2219; *Vilm v. Hudson,* 167 Kan. 372, 205 P. 2d 1021; *In re Estate of Erwin,* 167 Kan. 316, 205 P. 2d 925; *In re Estate of Wright,* 170 Kan. 400, 227 P. 2d 131; 3 Bartlett's Kansas Probate Law and Practice [Rev. ed.] §§ 1168, 1223, pp. 23, 68). That court possessed the power to fix the time and place of the hearing of that petition, and when that time and place was fixed, a probate proceeding was then commenced in that court (59-2204; *Barrett v. McMannis,* 153 Kan. 420, 110 P. 2d 774; *In re Estate of Dotson,* 154 Kan. 562, 119 P. 2d 518; *Osment v. Trout,* 156 Kan. 120, 131 P. 2d 640; *In re Estate of Whittelsey,* 156 Kan. 157, 131 P. 2d 911; *In re Estate of Reed,* 157 Kan. 602, 142 P. 2d 824). When service, proof and approval of that notice was made and had upon all interested parties, including the heirs at law—a service they candidly concede—the jurisdiction of that probate court over the subject matter, *i. e.,* the estate of Audrey E. Johnson, deceased, and its power to hear and determine the allegations of that petition, cannot be denied (59-301; 59-2232; *Vilm v. Hudson,* supra; 1 Bartlett's Kansas Probate Law and Practice [Rev. ed.] §§ 91, 96, pp. 80, 94).

Although properly notified (59-2209, 59-2210, 59-2211) of the time and place of hearing of the petition for administration, neither W. B. Bassler nor Frances M. Martin, or their counsel, appeared. It was within the competency of that court to render a judgment upon the issue before it. At that hearing the petitioner had the burden of proving the allegations of his verified petition (59-2212,

59-2213, 59-2232; *In re Estate of Paronto,* 163 Kan. 85, 180 P. 2d 302), and all issues of fact arising thereon were required to be determined by the probate court. All probate proceedings are adversary (*Egnatic v. Wollard,* 156 Kan. 843, 137 P. 2d 188; *In re Estate of Reed,* supra; *In re Estate of Grindrod,* 158 Kan. 345, 148 P. 2d 278). The court found that the petitioner sustained the burden imposed upon him and its judgment affirmatively showed that *evidence was presented* in support of that petition from which the court found that Audrey E. Johnson died intestate on the 5th day of October, 1953, a resident of Saline County, Kansas, at the time of her death, and leaving an estate to be administered therein. Upon that judgment Crowther was appointed, qualified and assumed his duties as administrator. No appeal was taken from that judgment and it became final December 3, 1953, long prior to the filing of either of the two petitions by Bassler to revoke and to vacate it. The record of proceedings of probate courts, regular on their face and never appealed from or directly attacked, carry a conclusive presumption of verity. This view of the character of probate courts and the binding force of their adjudication has always been taken in this state (*Calloway v. Cooley,* 50 Kan. 743, 32 Pac. 372; *Proctor v. Dicklow,* 57 Kan. 119, 45 Pac. 86; *Keith v. Guthrie,* 59 Kan. 200, 52 Pac. 435; *Watkins v. Mullen,* 62 Kan. 1, 61 Pac. 385).

Jurisdiction may be defined as the power of a court to hear and decide a matter (*In re Estate of Summerfield,* 158 Kan. 380, 147 P. 2d 759; 1 Bartlett's Kansas Probate Law and Practice [Rev. ed.] § 91, p. 79). The test of jurisdiction is not a correct decision, but a right to enter upon inquiry and make a decision (*Eberhardt Lumber Co. v. Lecuyer,* 153 Kan. 386, 110 P. 2d 757; *In re Estate of Bourke,* 159 Kan. 553, 156 P. 2d 501; 157 A. L. R. 1107; *In re Estate of Rothrock,* 173 Kan. 717, 252 P. 2d 598), and that jurisdiction is not limited to the power to decide a case rightly, but includes the power to decide it wrongly (*Cross v. Hodges,* 124 Kan. 672, 291 Pac. 585; *Kistler v. Fitzpatrick Mortgage Co.,* 146 Kan. 467, 71 P. 2d 882; *Hoover v. Roberts,* 146 Kan. 785, 74 P. 2d 152; *Eberhardt Lumber Co. v. Lecuyer,* supra; *In re Estate of Bourke,* supra; *Bindley v. Mitchell,* 170 Kan. 653, 228 P. 2d 689).

We further note the fundamental rule that where a court has jurisdiction of the parties to an action and of the subject matter, and renders a judgment within its competency, even if erroneous,

that judgment is final and conclusive unless corrected or modified on appeal or by such other method as may be prescribed by statute and it may not be attacked collaterally otherwise (*In re Estate of Burling*, 179 Kan. 687, 694, 298 P. 2d 290, and cases cited therein).

It was necessary for the probate court to determine the jurisdictional fact of the decedent's residence at the hearing on November 3, 1953. The court's finding that the decedent was a resident of Saline County at the time of her death was a finding of the ultimate fact upon which jurisdiction to appoint an administrator depended (*Ford, Adm'x v. Peck*, 116 Kan. 74, 76, 225 Pac. 1054). Whether the court's determination of that question was correct or erroneous may not now be inquired into. In *In re Wallace*, 75 Kan. 432, 89 Pac. 687, it was said:

"The general rule is that when a court passes upon a question of fact which it has a right to determine its erroneous decision of the question is not open to collateral attack. It has been held that where jurisdiction of a court depends upon a finding of a particular fact the exercise of jurisdiction implies the finding of that fact. (*Thornton v. Baker*, 15 R. I. 553, 10 Atl. 617, 2 Am. St. Rep. 925.) No implication need be indulged here, as there was an express finding of the fact upon which jurisdiction rests. Where jurisdiction depends on a fact that is litigated in a suit, and is adjudicated in favor of a party who avers jurisdiction, then the question of jurisdiction is judicially decided *and the judgment record is conclusive evidence of jurisdiction until set aside or reversed by a direct proceeding. . . ."* (l. c. 435, 436.) (Emphasis supplied.)

See, also, *Brockway v. Wagner*, 126 Kan. 285, 288, 268 Pac. 96; *In re Stilwell*, 135 Kan. 206, 10 P. 2d 15; *Morrissey v. Rodgers*, 137 Kan 626, 631, 21 P. 2d 359; and, *Steinkirchner v. Linscheid*, 164 Kan 179, 194, 188 P. 2d 960, to the same effect.

There is merit in having finality of judicial decisions (*Bindley v. Mitchell*, 170 Kan. 653, 657, 228 P. 2d 689). As we have said, the probate court had the duty to determine the jurisdictional fact of residence, and having found the decedent to be a resident of Saline County, to appoint an administrator of her estate. That was done. If the court erred in doing so, the method of correcting that error was by appeal (59-2401; *Bindley v. Mitchell*, supra; *Steinkirchner v Linscheid*, supra; *In re Estate of Rothrock*, supra). No appeal was taken. We think the judgment of appointment was not void and we express no opinion whether it was erroneous. Not having appealed from the judgment of appointment, Bassler cannot at this time question its validity. If, after a court has heard and decided the issue concerning the residence of a decedent, the question

still remains unsettled to such an extent that it could be relitigated for the purpose of avoiding all the proceedings of the probate court, people would be required to deal with executors and administrators at their peril (3 Bartlett's Kansas Probate Law and Practice [Rev. ed.] § 1161, p. 14).

. From an examination of the record it shows upon its face that the probate court had jurisdiction of the estate of the decedent and of all interested parties, and this court accords verity to those proceedings. We are of the opinion no irregularities existed in those proceedings with respect to the appointment of Crowther as administrator and that court did not act upon an erroneous understanding of the facts before it. The district court erred in reversing the order of the probate court striking Bassler's petition to vacate the order of appointment from its files.

With respect to the petition to revoke letters of administration for the reason that 59-705 was ignored, we note that 59-2221 provides in effect that "any person interested in the estate" may petition for administration. In *In re Estate of Erwin*, 167 Kan. 316, 205 P. 2d 925, it was said:

"Appellant contends that the petitioner was not a 'person interested in the estate' mentioned in G. S. 1947 Supp. 59-2221. The point is not well taken. That section does not define who may be a person interested in an estate. . . ." (l. c. 319.)

See, also, *Hotchkiss v. Ogle*, 153 Kan. 156, 109 P. 2d 134.

While the probate court is not obliged to respond to the demands of a mere intruder, we are not prone to say under the facts, conditions and circumstances disclosed by this record that an attorney for a decedent whose heirs at law live in distant states on the west coast, and who represented the decedent during her lifetime, is not an interested party within the purview of 59-2221. Furthermore, inherent in the judgment of appointment was the determined fact that the petitioner was a person interested in the decedent's estate.

It thus appears no question of law or of fact was presented to the probate court by Bassler's petition to revoke that judgment and the probate court did not err in striking that petition from its files. The judgment of the district court of March 22, 1956, sustained that order of the probate court and the judgment in appeal No. 40,332 is ordered affirmed.

What has been heretofore said concerning appeal No. 40,530

necessitates a reversal of the judgment of the district court rendered August 14, 1956. That judgment is reversed with directions to set it aside and the cause is remanded with instructions to the district court to approve the judgment of the probate court of Saline County, Kansas, rendered June 16, 1956, and to certify its order of approval to the probate court.

It is so ordered.