No. 54,863

In the Matter of The Guardianship and Conservatorship of TIM-OTHY STREMEL, A Minor. BARBARA J. MASON, *Appellant,* v. BER-NADETTE DOME, *Appellee.*

(660 P.2d 952)

Opinion filed March 26, 1983.

*D. Michael Dwyer,* of Hamill, Lentz, Neill & Dwyer, of Mission, argued the cause and *Mark W. Arensberg,* of the same firm, was with him on the brief for appellant.

*Charles R. Pike,* of McPherson, Bauer & Pike, Chartered, of Great Bend, argued the cause, and *Brock R. McPherson,* of the same firm, was with him on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: This is an appeal by Barbara J. Mason, the natural mother of Timothy Stremel, a minor, from an order of the Barton County District Court denying her petition to terminate the appointment of Bernadette Dome as guardian of and conservator for Timothy. She also appeals from the order of the court denying her request that she be appointed conservator of the estate of Timothy.

The facts are not in dispute. In 1971, Leon James Stremel and Barbara Jean Stremel (now Mason) were divorced in the District Court of Barton County. Timothy Stremel, who was then two years of age, was placed in the custody, care and control of his father. Timothy remained with his father until approximately four years ago when he went to live with his mother in Johnson County, Kansas, although legal custody was never changed to the mother. The thirteen-year-old boy is still living with his mother.

On July 9, 1981, Leon James Stremel died. Upon his death, legal custody of Timothy reverted to his natural mother. *In re Vallimont,* 182 Kan. 334, 336, 321 P.2d 190 (1958). In 1972, shortly after the Stremel divorce, Mr. Stremel executed a will in which he left all of his property to his sister Bernadette Dome, the appellee here, in a discretionary trust for the benefit of Timothy. The will was admitted to probate and Mr. Stremel's sister was appointed executrix in accordance with the directions in the will.

One of the clauses in the will read as follows:

"I hereby petition and request the Probate Court to appoint as guardian of the person of my minor son, Timothy Stremel, my sister, Bernadette Dome of Bison, Kansas."

On October 26, 1981, Bernadette Dome filed a petition in the District Court of Barton County seeking her appointment as guardian of and conservator for Timothy Stremel. At the same time, petitioner, without notice and without compliance with other provisions of the statutes, obtained an order appointing herself as guardian and conservator. The order finds that "the natural guardian of said minor is Bernadette Dome." The finding is patently erroneous. The order was prepared by counsel for Bernadette Dome as were all the other pleadings filed at that time, including letters of guardianship and conservatorship issued to Mrs. Dome.

In February, 1982, the appellant Barbara J. Mason, having learned of the proceeding in Barton County, filed a petition seeking to set aside the order appointing Bernadette Dome as guardian and conservator and asking that Mrs. Mason, after proper notice and hearing, be appointed conservator of the estate of her son Timothy Stremel. In her petition Mrs. Mason also questioned the legal sufficiency of the original petition filed by Mrs. Dome and of the proceedings based thereon.

The petition of appellant was set for hearing and notice of the hearing was given to all interested parties pursuant to K.S.A. 59-2208. We are advised, and the record indicates, that the trial court did not hear any evidence as to the qualifications and capacities of either Mrs. Mason or Mrs. Dome, stating to the parties that it recognized that both were well qualified. Subsequently the court denied the petition of Mrs. Mason and confirmed its prior action appointing Mrs. Dome.

At the time of oral argument before this court, counsel advised that the underlying reason for the filing of the district court action was a $34,000.00 insurance policy owned by Leon James Stremel in which his son Timothy Stremel was the named beneficiary. Counsel for Mrs. Dome also advised the court that she was abandoning any contention that she should be retained as guardian of the person of Timothy Stremel. Appellee appears to concede the court was in error in making that appointment under the facts in this case.

Appellant raises several points on appeal which require consideration of several statutes as they apply to this action. K.S.A. 59-2203 is the general venue statute for the filing of proceedings under the probate code. It provides that proceedings for the appointment of a guardian shall be filed in the county of the proposed ward's residence or where the proposed ward may be found. Proceedings for the appointment of a conservator shall be filed in the county of the proposed conservatee's residence unless the proposed conservatee is a nonresident of the state, in which case the proceedings may be filed in any county where property of the proposed conservatee is situated. K.S.A. 59-3002(3) defines "natural guardian" as being both parents of a legitimate child and if either parent be deceased, the survivor is the "natural guardian." K.S.A. 59-3004 authorizes any natural guardian to nominate by last will a conservator for that portion of the estate of such guardian's minor children which is devised or bequeathed by the testator. A surviving natural guardian may nominate by will a guardian or conservator or both. K.S.A. 59-3009 provides that any person may file a verified application for appointment of a guardian in the county of the residence or presence of the proposed ward and any person may file an application for appointment of a conservator in the county of the residence of the proposed conservatee unless a nonresident. It

also sets forth the requirements of the application including, *inter alia*, the name, age, residence and present address of the minor, if known; the name and address of the natural guardian, if known; the names and addresses of witnesses; and the name, address and relationship to the minor of the person sought to be appointed.

K.S.A. 59-3010 provides that unless the application is filed by the minor's next friend or by the natural guardian, the application shall not be heard earlier than seven days nor later than fourteen days from the date of the filing of the application. If filed by a next friend or natural guardian, the application may be heard forthwith without notice. K.S.A. 1982 Supp. 59-3012 provides for the type and contents of the notice and the parties to whom it shall be directed. It requires service on the minor and his or her attorney. K.S.A. 59-3013 sets forth the procedure to be followed at the hearing and provides the minor shall be afforded an opportunity to appear, testify and participate in the proceedings. Finally, K.S.A. 59-3014 sets forth certain priorities for the appointment of a guardian or conservator including first, the nominee of the minor if the minor is over 14 years of age, and second, the nominee of a natural guardian of the minor.

None of the foregoing procedural and jurisdictional statutes were followed by Bernadette Dome when she initially instituted proceedings to have herself appointed guardian of and conservator for Timothy Stremel. Mrs. Dome was the appointed executrix of the will of Leon James Stremel and the file in that action discloses she had full knowledge that Timothy was residing with his mother in Johnson County, Kansas, and that she knew Mrs. Mason's residence address. Appellant based her petition in district court on the fact that no notice of the proceedings was given to her or her son or her son's guardian ad litem appointed in the Leon James Stremel estate proceedings. She also claimed that venue was improper in Barton County as Timothy's residence was in Johnson County. And finally, she contended that the appointment of Bernadette Dome as guardian and conservator was in violation of the parental preference doctrine. She requested her own appointment instead. On appeal she raises the same three contentions before this court.

Our statutes governing the appointment of guardians and conservators were revised by the legislature in 1965 when a detailed

and comprehensive act was adopted. K.S.A. 59-3001 *et seq.* In her first point on appeal, Mrs. Mason asserts the district court lacked jurisdiction to appoint Mrs. Dome because of a failure to give proper notice of the proceedings. Appellee asserts that no notice was required inasmuch as she was acting as the "next friend" of Timothy Stremel. No such allegation appears in her petition, or in the record of the trial court, and in fact it appears that it was represented to the court that Mrs. Dome was Timothy's natural guardian.

K.S.A. 59-3010 provides in pertinent part:

"(B) When the proposed ward or proposed conservatee is alleged to be a minor, the court shall issue an order fixing the time and place of the hearing on the application. If the application is filed on behalf of the minor by such minor's next friend or by the natural guardian of the minor, the time of the hearing designated in the order may be forthwith and without notice, but in no event later than fourteen (14) days after the date of filing of the application. In all other cases the time designated in the order shall in no event be earlier than seven (7) days or later than fourteen (14) days after the date of the filing of the application."

Appellee also contends that K.S.A. 59-3011(B)(4) provides that the giving of notice is a discretionary matter with the court and that it may order notice to be given in accordance with K.S.A. 1982 Supp. 59-3012 but is not required to do so. At first blush it would appear that the provisions of K.S.A. 59-3010(B) and 59-3011(B)(4) are inconsistent. K.S.A. 59-3010(B), which provides that an application, if filed by a next friend or natural guardian, may be heard forthwith and without notice requires that when filed by anyone else the hearing cannot be held except at a time set in accordance with the statute and would also seem to require notice. However, when the entire act (K.S.A. 59-3001 *et seq.*) is read *in pari materia,* as it must be, we think the intent of the legislature is clear. K.S.A. 59-3011(B)(4) indicates that one of the discretionary orders a court may issue is for notice in the manner provided in 59-3012. It appears that this discretionary order of the court may be entered in an action filed by the natural guardian or a next friend but is not mandatory. On the other hand, K.S.A. 59-3010(B) clearly requires that if the application is by anyone other than a natural guardian or next friend, the hearing "shall in no event be earlier than seven (7) days or later than fourteen (14) days after the date of the filing of the application." For what reason would the legislature require that a hearing be delayed until seven to fourteen days later if not to

give notice and protect the minor's substantial rights which accrue under K.S.A. 59-3013? As previously indicated, K.S.A. 59-3013 provides, *inter alia*, that the minor shall be afforded an opportunity to appear, testify and participate in the proceedings. These rights would be hollow indeed if the hearing could be carried out without any notice to the minor or his attorney. Thus it appears, and we hold, that the statutory procedure as adopted by the legislature requires that every proceeding for the appointment of a guardian or conservator, or both, of a minor requires notice pursuant to K.S.A. 1982 Supp. 59-3012 unless the proceeding is brought by the minor's natural guardian or next friend. When brought by the natural guardian or next friend the giving of notice is a discretionary matter with the court (K.S.A. 59-3011[B][4]). In the present case the original petition was not filed by the natural guardian of Timothy and no allegation or showing was made that Bernadette Dome was purporting to act in the capacity of a next friend. The trial court was in error in hearing the petition ex parte without proper notice.

Next, appellant asserts that the venue and jurisdiction of this action was in Johnson County and not in Barton County. We agree. Venue clearly was in Johnson County under K.S.A. 59-2203. It also appears proper jurisdiction was in Johnson County. K.S.A. 59-3009 provides in part:

"Any person may file in the district court of the county of the residence or presence of the proposed ward a verified application for the appointment of a guardian. Any person may file in the district court of the county of the residence of the proposed conservatee a verified application for the appointment of a conservator. If the proposed conservatee resides without the state, such application may be filed in any county in which any of the property of the proposed conservatee is situated."

See also *In re Miller,* 5 Kan. App. 2d 246, 616 P.2d 287, *aff'd in part, rev'd in part* 228 Kan. 606, 620 P.2d 800 (1980). We hold K.S.A. 59-3009 is jurisdictional and establishes the proper forum in which to file an action for the appointment of a guardian or conservator.

Finally, appellant asserts it was error for the trial court not to apply the "parental preference doctrine" which would require the appointment of Timothy's mother as opposed to Mrs. Dome. The trial court based its decision on a construction of the will of Leon James Stremel and found that the intent of the decedent should be controlling. The court also found the best interests of

Timothy would be served by continuing the appointment of Mrs. Dome as conservator although no evidence was received by the court and no findings of fact were made which would support such a conclusion. As Mrs. Mason, Timothy's mother, survived Mr. Stremel, the provision in the will that Mrs. Dome be appointed guardian has no validity. (K.S.A. 59-3004; *Chumos v. Chumos,* 105 Kan. 374, 381, 184 Pac. 736 [1919]. The will of Mr. Stremel is clear, unambiguous and is not subject to construction. *In re Estate of Wernet,* 226 Kan. 97, Syl. ¶ 2, 596 P.2d 137 (1979). There is no provision in the will appointing Mrs. Dome conservator of assets passing to Timothy outside the will and it was error for the court to resort to rules of construction to find such an intent in Mr. Stremel's will. The Stremel will has no bearing on these proceedings. If it had been the intention that Mrs. Dome control the proceeds of the insurance policy, Mr. Stremel could have accomplished such an objective by a simple change of beneficiary on the policy.

K.S.A. 59-3014 provides:

"Subject to K.S.A. 59-3004, the court in appointing a suitable guardian or conservator shall give priority in the following order:

"(1) To the nominee of a minor over the age of fourteen (14) years who is not himself or herself an incapacitated person.

"(2) To the nominee of a natural guardian."

In *Sheppard v. Sheppard,* 230 Kan. 146, 630 P.2d 1121 (1981), we said:

"It is clear under our decisions and those of the United States Supreme Court that a natural parent's right to the custody of his or her children is a fundamental right which may not be disturbed by the State or by third persons, absent a showing that the natural parent is unfit. As we noted in *In re Cooper,* 230 Kan. 57, 631 P.2d 632 (1981), a parent's right to the custody, care, and control of his or her child is a fundamental liberty right protected by the Fourteenth Amendment of the Constitution of the United States." p. 152.

No reason has been shown why Mrs. Mason, who has had the actual custody and care of Timothy for several years, should not be his conservator. Absent a factual showing based upon sufficient evidence that it would not be in the best interests of Timothy for his mother to be appointed conservator or that she is not suitable to serve as conservator, K.S.A. 59-3014 mandates her appointment.

In closing we also note that the original petition filed in this action failed to comply with K.S.A. 59-3009(B)(2), (3), (5), and (8). See *Vilm v. Hudson*, 167 Kan. 372, 205 P.2d 1021 (1949).

The district court having lacked subject matter jurisdiction under K.S.A. 59-3009, the case is remanded to the district court with directions to dismiss all proceedings. As it appears that a conservator for Timothy will be required to properly administer the insurance proceeds, proper proceedings may be instituted in Johnson County.