No. 21,509.

FRANCIS M. CLARK, *Appellee*, v. W. C. SPRUENS, *Appellant.*

### SYLLABUS BY THE COURT.

1. PLEADINGS—*Leave to Amend Petition—Amended by Interlineation—No Notice to Defendant—Erroneous Judgment Thereon.* Where a plaintiff has been required to make his petition more definite and certain, and has obtained time to do so, and he merely amends by a slight interlineation, and no entry is made in the docket showing that an amended petition has been filed, or that the original petition amended by interlineation has been refiled, and where the defendant has no notice of such amendment, judgment on such a petition should not be entered against defendant for default of answer.

2. MOTION—*To Set Aside Default Judgment—Right of Appeal.* The pendency of a motion in the trial court to set aside a judgment entered by default when a cause was not properly at issue does not deprive the aggrieved party of his right to appeal from that judgment, nor need he imperil his right of appeal by delaying it until such motion is decided in the trial court.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed June 8, 1918. Reversed.

*W. P. Hackney, L. D. Moore,* and *Grant Stafford,* all of Winfield, for the appellant.

*Emory W. Earhart,* of Winfield, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This is an appeal which questions the propriety of rendering a judgment for default of an answer.

Plaintiff's petition was to quiet his title to 60 acres of land. He alleged that the defendant and his wife induced him to place his mark on a blank form of deed which they afterwards filled out, and that he was induced to do so through false and fraudulent representations by them that he was "about to be blackmailed by certain parties who designed to rob him of 60 acres of land," etc.

Defendant filed a motion to make plaintiff's petition more definite in certain particulars. This motion was sustained on October 18, 1915, and plaintiff was given twenty days in which to file an amended petition, and the defendant was given

Clark v. Spruens.

twenty days thereafter in which to answer. On March 7, 1916, plaintiff was given twenty days further time in which to file an amended petition. Sometime thereafter, date not shown, plaintiff made a slight amendment to his petition by interlineation, but the petition thus amended bore no mark of formal refiling, and the civil appearance docket contained no entry disclosing the fact of its refiling. Defendant's attorney withdrew from the case in November, 1916; and, no pleadings having been filed by defendant after the informal amendment of plaintiff's petition by interlineation, judgment by default was entered against defendant on February 17, 1917.

On May 22, 1917, defendant filed a motion to vacate the judgment because it had been rendered when the cause was not at issue, and for various other reasons—mistake, unavoidable casualty and misfortune, etc. On June 25, 1917, this motion was heard, evidence introduced in its support, and the cause passed for further consideration, and nothing further concerning it has transpired in the court below.

The defendant assigns error in setting the case for trial on February 17, 1917, and in rendering judgment against him on that date for default; the essential point being that the matter was not at issue, that on that date the plaintiff, and not the defendant, was in default, and that there was no proper amended petition on file on which judgment could be rendered.

This court is inclined to the view that on February 17, 1917, the cause was not properly at issue. While plaintiff amended his petition informally by interlineation (and ordinarily slight amendments may be so made), that was not precisely what plaintiff had obtained leave to do. He was given time, and that time was later extended, to file an amended petition. No duty rested on defendant except to keep tab on what the docket and files in the case would fairly disclose. The docket did not show that plaintiff had filed an amended petition, and only by close scrutiny could defendant have detected an alteration in the original petition. Without notice of the amendment by interlineation, he was under no duty to concern himself further about the original petition, for its defects had been adjudicated and confessed. Defendant's attorney had retired from the case, and he had not yet procured another, but there was no need to employ another attorney until he learned or

had a fair opportunity to learn that an amended petition had been lodged against him. That never occurred until after judgment. Hence, the judgment by default was not timely entered, and should be set aside.

The fact that the defendant sought to correct this snarl by a motion in the court below, after the judgment was entered, does not affect his right to appeal. The rule may be otherwise in some jurisdictions (2 Cyc. 524), but in this state, not only may judgments, intermediate or final, be brought up for review while certain features of the cause are undisposed of below (Civ. Code, § 565), but they must be so brought within six months, or the right of review may be lost entirely. (Civ. Code, § 572; *Norman v. Railway Co.,* 101 Kan. 678, syl. ¶ 1, 168 Pac. 830; *Leslie v. Manufacturing Co.,* 102 Kan. 159, syl. ¶ 5, 169 Pac. 193; *Smith v. Lundy,* ante, p. 207.)

The judgment entered by default should be set aside, and the cause will be remanded with instructions to that effect, and with instructions to permit defendant to plead to or join issues on plaintiff's informally amended petition.