No. 33,723

Lina Dent Gibbs and James J. Venable, *Appellees*, v. Mary Agnes Turner et al., *Appellees;* Helen Gladys Canfield Smith, *Appellant.*

(76 P. 2d 768)

Opinion filed March 5, 1938.

*Arthur Cranston* and *Mark Gillin,* both of Parsons, for the appellant.
*W. W. Brown* and *Earl Bohannon,* both of Parsons, for the appellees.

The opinion of the court was delivered by

Dawson, C. J.: This is the second appearance of this case in this court. (*Gibbs v. Turner,* 140 Kan. 53, 34 P. 2d 564.)

In the earlier appeal certain provisions of the will of Anderson M. Morton, of Kentucky, who died in 1883, were subjected to judicial scrutiny; and it was held, among other matters, that under the third clause of his will three nieces of the testator, Helen, Elizabeth and Mary, spinster daughters of his sister Selina Canfield, took only the income of a certain town lot in Parsons for the terms of their natural lives, and that no interest in that town lot devolved on Helen Gladys Canfield Smith, adopted daughter and heir of Elizabeth, and residuary legatee of Elizabeth's sister Mary.

That decision was made by this court on July 7, 1934, and the cause was remanded to the district court for the purpose of ascertaining who among other claimants were entitled to the Parsons town lot under the 17th paragraph of the will.

The subsequent proceedings which are chiefly of present concern were chronicled in the district court thus:

"Now, on this 16th day of January, 1935, the same being a regular judicial day of the November, A. D., 1934, term of said court, this cause came regularly

on for trial, pursuant to assignment. Counsel for the respective parties represented herein by counsel present in court. Hon. T. R. Evans, attorney of record for defendant Helen Gladys Canfield Smith, appeared in court and stated to the court that he was satisfied his client by judgment of the supreme court of Kansas in case of *Gibbs et al. v. Turner et al.* (140 Kan. 53) was by the judgment of said court excluded and barred from claiming any right, title or interest in lot twenty-one (21), block twenty-six (26), in the city of Parsons, Labette county, Kansas, and withdrew from the case. It is therefore by the court considered, ordered, and adjudged that the defendant, Helen Gladys Canfield Smith, be, and she is hereby and by the court excluded and forever barred of any right, title, claim or interest in and to said described premises, and every part and portion thereof. The further trial of this case is hereby continued to February 4, 1935, at the hour of 9 o'clock a.m. of said day.                              W. D. ATKINSON, *Judge Pro Tem.*"

Later proceedings were had in the district court to ascertain who were entitled to interests in the property, and final judgment thereon was not entered until March 10, 1937.

From this latter judgment Helen Gladys Canfield Smith seeks to prosecute this appeal. This she cannot do. The final judgment of the district court which bound her was rendered on January 16, 1935; and since she did not appeal from that judgment within the time allowed by law (G. S. 1935, 60-3309, since amended, Laws 1937, ch. 268, § 2) there is nothing this court can do about it. In *Clark v. Spruens,* 103 Kan. 218, 220, 173 Pac. 275, it was said:

"In this state, not only may judgments, intermediate or final, be brought up for review while certain features of the cause are undisposed of below (Civ. Code, § 565), but they must be so brought within six months, or the right of review may be lost entirely. (Citations.)"

In *Cross v. Hodges,* 124 Kan. 672, 261 Pac. 585, it was said:

"Where the interpretation of a will was properly drawn in question, the judgment of a district court of competent jurisdiction, whether correct or not, is a finality—where all parties concerned in the will and in the judgment were properly impleaded, and where no appeal was taken from that judgment within the time allowed therefor by the code of civil procedure." (Syl. ¶ 2.)

We note, of course, that on October 5, 1936, which was 1 year, 8 months and 20 days after final judgment had been pronounced against her, appellant employed other counsel, who filed pleadings in the cause, but the record shows that the trial court correctly gave those pleadings no consideration.

No error open to our review is made to appear, and the appeal is therefore dismissed.