NOT DESIGNATED FOR PUBLICATION

No. 125,563

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RONALD L. DIES JR.,
*Appellee*,

v.

BRAD DIES, et al.,
*Defendants*,

and

JEANNE DIANE MCGINN
*Appellant*.

MEMORANDUM OPINION

Appeal from Marion District Court; COURTNEY D. BOEHM, judge. Submitted without oral argument. Opinion filed February 16, 2024. Reversed and remanded.

*Joseph L. Uhlman*, of Adrian & Pankratz, P.A., of Newton, for appellant.

*J. Robert Brookens*, of Brookens Law Office, LLC, of Marion, for appellee.

Before WARNER, P.J., COBLE and PICKERING, JJ.

PICKERING, J.:  In 2012, Wells Fargo Bank, NA, initiated foreclosure proceedings against Carol E. Dies after she defaulted on her mortgage. The property was foreclosed and sold at a sheriff's sale, then sold one year later to Ricky L. McGinn, who subsequently transferred it to Jeanne Diane McGinn. Almost a decade later, Ronald L. Dies Jr. (Dies Jr.)—Carol's grandson—under a new civil case, moved to quiet title to a portion of the

1

real property sold to Jeanne McGinn and later moved for summary judgment. Dies Jr. claimed that his interest to the real property was superior to McGinn's because the foreclosure process in 2012 violated the due process rights of Dies Jr.'s parents, who had an interest in the foreclosed property. The district court granted Dies Jr.'s motion for summary judgment, finding the 2012 foreclosure sale to McGinn was void.

On appeal, McGinn offers several reasons why the district court erred in granting summary judgment to Dies Jr. McGinn first contends that Dies Jr. lacks standing because his due process challenge to the 2012 foreclosure action arises from his parents' rights, not an injury he personally suffered. McGinn also argues that because Dies Jr. is attempting to void the earlier foreclosure case, the plaintiff there—Wells Fargo—is a necessary party to this case. Additionally, McGinn argues that the district court erred in granting summary judgment in Dies Jr.'s favor because, among other reasons, Dies Jr. cannot use this lawsuit to collaterally attack a final judgment in the earlier separate foreclosure case.

We find McGinn's two procedural arguments are without merit. Dies Jr. purports to hold title to the tract of land in question and thus has standing to present his quiet title claim; likewise, Wells Fargo does not purport to have any title to that land and thus is not a necessary party in this quiet title case. However, we agree with McGinn and find the district court erred in granting the summary judgment. The original foreclosure action was a final judgment and cannot be collaterally attacked in a separate quiet title claim. The court erred in its ruling, which voided the foreclosure sale through a separate action. We therefore reverse the district court's summary judgment ruling that had been made in Dies Jr.'s favor and remand.

FACTUAL AND PROCEDURAL BACKGROUND

On January 28, 2022, Dies Jr. petitioned for quiet title of a tract of real estate in Marion County. Initially, Dies Jr. made claims of adverse possession and named McGinn

as one of multiple defendants who might claim an interest in that land. The parties in this case do not dispute the extent of that property, but they do dispute who owns it.

Dies Jr.'s grandmother, Carol E. Dies, purported to deed that tract of land to her son and his wife—Dies Jr.'s parents—Ronald L. Dies (Dies Sr.) and Ruthann Dies, as joint tenants in March 2011. This deed was recorded on March 30, 2011. At the time, however, the tract was part of a larger property subject to a mortgage held by Wells Fargo.

On January 31, 2012, Wells Fargo petitioned for foreclosure of that property, including the tract at issue in this case. The foreclosure petition named "Carol E. Dies; Harry J. Dies (Deceased); John Doe (real name unknown); Mary Doe (real name unknown); and the unknown heirs, executors, administrators, devisees, trustees, creditors and assigns of such of the defendants as may be deceased" as defendants. The foreclosure petition did not specifically name Dies Sr. or Ruthann as parties, but it stated that unidentified persons (John Doe and Mary Joe) were in possession of the property.

The foreclosure petition alleged Harry and Carol Dies executed a mortgage on the property in April 2004. Wells Fargo held a recorded mortgage on the property, and the mortgage was guaranteed by the Secretary of Veterans Affairs. Wells Fargo sought to foreclose on the property because the Dieses defaulted on their payments and thus failed to comply with the terms of the mortgage.

Wells Fargo personally served Carol Dies and residentially served John Doe and Mary Doe on Vernon Avenue in Lehigh. Additionally, Wells Fargo published notice of the foreclosure in the newspaper of record.

Wells Fargo prevailed on its foreclosure action, and a public auction was held. Following the public auction, a sheriff's deed was issued to the Secretary of Veterans Affairs. The Secretary of Veterans Affairs then filed a special warranty deed on December

13, 2013, which conveyed the challenged property to Ricky L. McGinn. A few years later, Ricky conveyed the same property to Jeanne McGinn—the defendant and appellant here—by a general warranty deed.

More than seven years passed. Then, in July 2021, Dies Sr. executed a transfer-on-death deed for the tract in question here, transferring his interest in that property to Dies Jr. upon his death. Dies Sr. died about one month later. After his father's death, Dies Jr. filed a new lawsuit—this quiet title action—seeking to determine who owned the challenged tract of land and naming McGinn and others people who might claim an interest in the property.

Dies Jr. initially claimed that he should be granted title through adverse possession, as he and his parents had continued to claim title to the property after the 2012 foreclosure action. McGinn moved to dismiss the petition, arguing Dies Jr. could not show an adverse or false belief of ownership to the land. She also argued that even assuming Dies Jr.'s claims were true, he could not bring an adverse possession action until 2027 because the property was foreclosed in 2012, and a successful adverse possession claim requires 15 years of open, adverse possession. The same filing included McGinn's answer to Dies Jr.'s petition.

About three weeks after McGinn filed her motion to dismiss, Dies Jr. filed an amended petition that presented a different reason why the court should find he owned the tract. Dies Jr. contended that Wells Fargo failed to make a reasonable effort in the 2012 foreclosure case to notify Dies Sr. and Ruthann—the parties to whom Carol Dies conveyed the challenged property in 2011—of the pending foreclosure of the same property. He argued that the deed from his grandmother to his parents was properly recorded, yet Wells Fargo made no reasonable effort to determine the names and residences of all owners or interested parties to the real estate subject to foreclosure, including Dies Sr. and Ruthann, in violation of K.S.A. 2021 Supp. 60-307(c).

4

Three days later—before McGinn or any other party responded to the amended petition—Dies Jr. moved for summary judgment on the same grounds. In his motion, he argued the interests of Dies Sr. and Ruthann "were disregarded or flagrantly ignored" when Wells Fargo failed to make a reasonable effort to ascertain their names as interested parties. Dies Jr. then argued no genuine issues of material facts existed and, therefore, he was entitled to summary judgment.

In April 2022, McGinn filed an amended motion to dismiss and amended answer, arguing Dies Jr. failed to join Wells Fargo as a necessary party and his claims were time barred. She also opposed Dies Jr.'s motion for summary judgment for several reasons. She asserted his motion did not comply with Supreme Court Rule 141 (2022 Kan. S. Ct. R. at 223) because he did not follow the procedural guidelines; the motion was not timely because it was filed before any answer or discovery; and his relief could not be granted because his claim concerned Wells Fargo, not McGinn.

On April 20, 2022, Dies Jr. responded to McGinn's motion to dismiss and amended his motion for summary judgment. The portion labeled as his amended motion for summary judgment seemingly attempted to cure his Rule 141 procedural errors, including amendments to provide descriptive statements and references to evidence attached as exhibits. McGinn responded that judgment was inappropriate for the reasons she had previously asserted.

The district court held a hearing on McGinn's motion to dismiss and took the matter under advisement. About three weeks later, the court denied McGinn's motion. In doing so, the court found that Wells Fargo was not a necessary party to this quiet title action because Dies Jr. "seeks no redress against Wells Fargo."

After the district court handed down this ruling, Dies Jr. proceeded to file several amendments and additions to his summary judgment motion. These included an

5

"Additional and Supplemental Memorandum to Plaintiff's Motion for Summary Judgment" on June 6, 2022, and a "Second Supplemental Memorandum to Plaintiff's Motion for Summary Judgment" on June 20, 2022. And on July 19, 2022—the same day as the hearing on his summary judgment motion—Dies Jr. filed two new documents: "Plaintiff's Brief on Motion for Summary Judgment" and "Exhibit Clarifications."

McGinn objected to the late filings, arguing they were "more evidence to the fact that we have issues of material fact that still need to be determined and discovered." McGinn also argued summary judgment was improper because material facts were disputed and Dies Jr. was improperly relying on inferences and controverted facts to conclude the foreclosure was defective. Dies Jr. argued there were no genuine issues of material fact because Wells Fargo could have conducted a diligent search and found Carol conveyed the property 11 months before Wells Fargo filed the foreclosure action.

On August 5, 2022, the district court issued a written ruling granting Dies Jr.'s motion for summary judgment and essentially voiding the 2012 foreclosure judgment. The district court found the deed conveying the property from Carol to Dies Sr. "was ascertainable and available for review and discovery by Wells Fargo by examining the records in the office of the Marion County Register of Deeds." It also found Wells Fargo failed in its duty to make reasonable efforts to determine the names and residences of all interested parties of the challenged real estate. The district court concluded "the facts clearly established a denial of due process" and, therefore, the foreclosure action and resulting deed conveyances "are all void as they pertain to the real estate that is the subject of this case." The district court held: "The interests of Ronald L. Dies and Ruthann Dies were disregarded. Therefore, their right to the real estate and Plaintiff's interests in said real estate is [*sic*] superior to any claim of Jeanne Diane McGinn."

As for McGinn's defenses, the district court found the parties had the opportunity to investigate and complete discovery since the case was filed on January 28, 2022, almost

6

six months before the hearing on Dies Jr.'s motion for summary judgment. The district court further found there were no genuine issues of material fact: "There is nothing left to speculate regarding the process of the foreclosure in [2012], nor the method in which Ronald L. Dies Jr., the Plaintiff, came to own the property which is the subject of this case."

McGinn appeals.

ANALYSIS

McGinn challenges the district court's decision in four ways. First, she argues the court erred when it granted judgment to Dies Jr. because he lacked standing to assert his parents' due process rights. Second, she argues that even if Dies Jr. has standing, the district court should have granted her motion to dismiss because Wells Fargo was a necessary party, given Dies Jr.'s efforts to void the 2012 foreclosure. In her third and fourth arguments, she claims summary judgment was inappropriate for several reasons, including that Dies Jr. should not be able to collaterally attack the final judgment through a quiet title action.

I.    DIES JR. HAS STANDING TO ADVANCE HIS QUIET TITLE CLAIM

McGinn argues Dies Jr. lacks standing to advance his central claim in this quiet title action—that Wells Fargo violated his parents' due process rights during the 2012 foreclosure action by failing to provide them with proper notice of the foreclosure. Essentially, McGinn argues that Dies Jr. lacks standing because he is attempting to assert the due process rights of his parents and, thus, cannot show that he personally suffered a cognizable injury related to the alleged foreclosure misconduct.

7

McGinn concedes this issue was not raised below. McGinn states that we can consider this issue for the first time on appeal because it is a question of law and standing can be raised for the first time on appeal. In response, Dies Jr. does not argue in his brief against us considering this issue.

*Standard of Review*

"Standing is a jurisdictional question whereby courts determine whether a plaintiff has alleged a sufficient stake in the outcome of a controversy as to warrant invocation of jurisdiction and to justify exercise of the court's remedial powers on the plaintiff's behalf. Because standing implicates the court's jurisdiction to hear a case, the existence of standing is a question of law over which this court's scope of review is unlimited." *Board of Sumner County Comm'rs v. Bremby*, 286 Kan. 745, Syl ¶ 1, 189 P.3d 494 (2008).

Because standing is a part of subject matter jurisdiction, "the issue may be raised by the parties or the court at any time. *Vorhees v. Baltazar*, 283 Kan. 389, 397, 153 P.3d 1227 (2007)." *U.S. Bank Nat. Ass'n v. McConnell*, 48 Kan. App. 2d 892, 897, 305 P.3d 1 (2013). In considering whether a party has standing, a court determines whether a party "'has alleged such a personal stake in the outcome of a controversy as to warrant invocation of jurisdiction and to justify exercise of the court's remedial powers on his or her behalf.'" *Bremby*, 286 Kan. at 750-51.

*Analysis*

McGinn contends that Dies Jr. lacks standing because he is filing the quiet-title claim as a third party—asserting his parents' claim of a due-process violation on their behalf. Dies Jr. responds that in his quiet-title action against McGinn, he is invoking K.S.A. 60-1002, which provides a "right of action" for "quieting or determining title or interest in property." Under K.S.A. 60-1002(a):  "An action may be brought by any person claiming title or interest in personal or real property, including oil and gas leases, mineral

or royalty interests, against any person who claims an estate or interest therein adverse to him or her, for the purpose of determining such adverse claim." "Ordinarily a quiet title action is brought to remove a cloud from the title." *Ford v. Sewell*, 188 Kan. 767, 771, 366 P.2d 285 (1961).

K.S.A. 60-1002(a) identifies the personal stake that the party bringing a quiet-title action must claim: title or interest in personal or real property, including oil and gas leases, mineral or royalty interests. On a basic level, "in order to properly bring a quiet title action pursuant to [K.S.A. 60-1002], a person must claim 'title or interest' in the real property." *Dubowy v. Baier*, 856 F. Supp. 1491, 1497 (D. Kan. 1994). Likewise, "[t]he person against whom the action is brought must 'claim[] an estate or interest therein which is adverse to that of the owner' who filed the action, and '[t]he action may be brought for the purpose of determining such adverse claims.' *LaBarge v. City of Concordia*, 23 Kan. App. 2d 8, 927 P.2d 487, 494 (1996)." *Leathers v. Leathers*, 856 F.3d 729, 747-48 (10th Cir. 2017); see also *Ford v. Willits*, 9 Kan. App. 2d 735, 740, 688 P.2d 1230 (1984), *aff'd* 237 Kan. 13, 697 P.2d 834 (1985) (plaintiffs who were successor trustees who brought quiet title action on behalf of trust had standing because they were "the real parties in interest" and thus had standing to bring action on behalf of trust).

Dies Jr. asserts that he has standing because the purpose of a quiet title action is to "clarify and correct [the] errors." We agree. Dies Jr. asserts that he is the owner of the tract in question by way of the transfer-on-death deed from his father. Because Dies Jr. purports to have title to that land, he has standing to bring this quiet title action to determine the rightful owner of that property.

II.     THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN FINDING WELLS FARGO
        WAS NOT A NECESSARY PARTY

McGinn alternatively argues the district court should have dismissed Dies Jr.'s quiet title action for a different reason. She asserts that Wells Fargo is a necessary party under K.S.A. 2022 Supp. 60-219(a)(1) because Dies Jr. is essentially trying to void the 2012 foreclosure by Wells Fargo.

We review the denial of a motion to join a necessary party under K.S.A. 60-219(a) under an abuse of discretion standard. *Landmark Nat'l Bank v. Kesler*, 289 Kan. 528, Syl. ¶ 1, 216 P.3d 158 (2009). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *Biglow v. Eidenberg*, 308 Kan. 873, 893, 424 P.3d 515 (2018).

*District Court's Rulings on Wells Fargo as a Necessary Party*

At the district court, McGinn moved to dismiss the action, stating that Dies Jr. should have joined Wells Fargo as a necessary party. In its May 25, 2022 order, the court viewed McGinn's argument with the understanding that Dies Jr. was still proceeding under the theory of adverse possession. Under this lens, the court stated that Wells Fargo was not a necessary party: "While Plaintiff alleges Wells Fargo NA failed to make a reasonable search as required in K.S.A. 60-307(c), Plaintiff seeks no redress against Wells Fargo."

In the district court's August 5, 2022 order, the court confirmed its earlier denial to join Wells Fargo as a necessary party under K.S.A. 2022 Supp. 60-212(b)(7). Specifically, the court stated: "Plaintiff makes no claim that his ownership comes through Wells Fargo, and the Court has previously found that Wells Fargo is not a necessary party." The court further stated that whether McGinn had "a cause of action or claim against Wells Fargo,

10

the Secretary of Veterans Affair[s], or Ricky L. McGinn is not a subject of this case. That is a separate cause of action."

*Analysis*

We begin our analysis under K.S.A. 2022 Supp. 60-219(a)(1), which states:

"A person who is subject to service of process must be joined as a party if:

"(A) In that person's absence, the court cannot accord complete relief among existing parties; or

"(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) As a practical matter, impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations because of the interest."

McGinn's argument fails to explain why Wells Fargo is necessary or why this case cannot be resolved without joining Wells Fargo. McGinn cites subsection (A) as a ground for arguing Wells Fargo is a required party, yet she presents no argument related to the applicability of that subsection and how, in Wells Fargo's absence, "the court cannot accord complete relief among existing parties." K.S.A. 2022 Supp. 60-219(a)(1)(A). Rather, on appeal, she seems to solely argue Wells Fargo is a required party because Wells Fargo's claimed interest in the real estate leaves her, an existing party, "subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations because of the interest" under K.S.A. 2022 Supp. 60-219(a)(1)(B)(ii). In response, Dies Jr. argues K.S.A. 2022 Supp. 60-219 is not applicable because it "is relevant only if complete relief can be obtained from that 'necessary' party."

11

In *Ford v. Willits*, 9 Kan. App. 2d 735, the successor trustees, under a quiet title action, sued Willits, the purchaser of the mineral rights at a tax-foreclosure sale, asserting that the tax foreclosure sale should be found void because the Board of Jefferson County Commissioners and Jefferson County Abstract Company had failed to properly notify them in that action. The successor trustees did not assert that the parties responsible for notifying them of the tax foreclosure sale should be joined as defendants, and the opinion does not indicate that Willits moved for the district court to join them as defendants. Rather, Willits filed a third-party action against the Board and the abstract company under K.S.A. 79-2804b, a procedure unique to tax foreclosures.

The tax foreclosure procedure in *Ford* differs from a typical mortgage foreclosure action in many ways. But the broader principle regarding necessary (previously called indispensable) parties holds true. *Ford* shows that *McGinn* could file a third-party action against Wells Fargo for indemnification or other damages incurred, but Wells Fargo was not a necessary party in the quiet title action. K.S.A. 2022 Supp. 60-219(a)(1)(B) states that the required party must be joined if "that person claims an interest related to the subject of the action." Wells Fargo does not claim an interest in this quiet title action. See *Newman v. Board of Shawnee County Comm'rs*, 14 Kan. App. 2d 648, 654, 804 P.2d 353 (1990) (finding a person was not an indispensable party when he was "neither an owner nor a supposed owner of the land in question and he does not claim an interest in the land").

Wells Fargo is not an owner or supposed owner of the tract in question here, nor has Wells Fargo claimed an interest in that property. Thus, the district court did not err when it found Wells Fargo was not a necessary party in this quiet title case.

III.     THE DISTRICT COURT DID ERR IN GRANTING SUMMARY JUDGMENT

In her remaining arguments on appeal, McGinn offers several reasons why she believes the district court erred in granting summary judgment to Dies Jr. We need not address all those arguments here, as we find one dispositive. Namely, McGinn asserts the trial court erred by allowing Dies Jr. to collaterally attack, and ultimately void, the final judgment in the 2012 foreclosure case. We agree and reverse the district court's judgment.

*Standard of review*

The standard of review for appeal from an order of summary judgment is well-settled:

> "Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions on file, and supporting affidavits show that no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. The district court must resolve all facts and reasonable inferences drawn from the evidence in favor of the party against whom the ruling is sought. When opposing summary judgment, a party must produce evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issue in the case. Appellate courts apply the same rules and, where they find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment is inappropriate. Appellate review of the legal effect of undisputed facts is de novo." *GFTLenexa, LLC v. City of Lenexa*, 310 Kan. 976, 981-82, 453 P.3d 304 (2019).

*Analysis*

McGinn argues the district court erred by essentially reopening the 2012 foreclosure judgment in a separate civil case. We agree. In Kansas, it is "settled law" that

13

"when a mortgage on real property is foreclosed, and the property is sold and the sale confirmed, such confirmation is res judicata and becomes a final and binding judgment of the court, subject only to the right of appeal, which cannot be collaterally attacked after the time for appeal has passed and after the term of court has changed, except in accordance with the civil code." *National Reserve Life Ins. Co. v. Kemp*, 184 Kan. 648, 656, 339 P.2d 368 (1959).

*Moore v. McPherson*, 106 Kan. 268, 187 P. 884 (1920); see also 59A C.J.S., Mortgages § 1152 ("Confirmation of a mortgage-foreclosure sale is a final judgment which, when not appealed from or vacated or set aside in a direct proceeding, is binding on the parties and their privies and conclusive as to the regularity of the proceedings so as to preclude a collateral attack thereon. It passes at least equitable title to the purchaser.").

McGinn cites *McFadden v. McFadden*, 187 Kan. 398, 357 P.2d 751 (1960), to illustrate this principle. There, the plaintiffs attempted to challenge a prior judgment through a quiet title action. The *McFadden* court emphatically stated:  "It is a well-established rule that where a court . . . renders a judgment within its competency, such judgment is final and conclusive, unless corrected or modified on appeal." 187 Kan. at 402.

McGinn also asserts that because the foreclosure judgment is final, "such orders cannot be redressed by another court in a different cause of action." She cites *Cross v. Hodges*, 124 Kan. 672, 261 P. 585 (1927), which speaks to the finality of the judgment of a district court in a prior case. The *Hodges* court explained that objections by the defendant of whether the plaintiff vendors had tendered a good and merchantable title to the defendant "had been effectively disposed of in prior litigation," and thus the interests of all concerned in the property "had been defined, determined, and concluded." 124 Kan. 672, Syl. Accordingly, McGinn argues, the district court should not have permitted Dies Jr. to challenge the foreclosure mortgage in a separate cause of action. As these cases have shown, the 2012 foreclosure judgment was final and binding.

In seeking to collaterally attack the final and binding judgment, Dies Jr. relies upon cases regarding quiet title actions in tax-foreclosure cases. Likewise, in its order, the district court relies on *Chapin v. Aylward*, 204 Kan. 448, 464 P.2d 177 (1970), in support of its decision. But *Chapin*, and similar cases such as *Ford v. Willits*, 9 Kan. App. 2d 735, all relate to readdressing tax foreclosure judgments. K.S.A. 79-2804b allows limited collateral attacks in these cases for a limited period of time. See *Pierce v. Board of Leavenworth County Comm'rs*, 200 Kan. 74, 79, 434 P.2d 858 (1967). But that procedure is not available in cases that do not involve tax foreclosures. Consequently, that procedure and the cases discussing it are not available to attack the 2012 foreclosure action by Wells Fargo.

Moreover, we note that Dies Jr.'s attempt to collaterally attack the final judgment while seeking a clean title improperly relies on diminishing McGinn's title, rather than proving the soundness of his claim. In a quiet title action: "To prevail, the plaintiff must rely on the strength of his own title, and not the weakness of his adversary's title." *Ford v. Willits*, 9 Kan. App. 2d at 745. The plaintiff has the "burden of proof to show superior title." *Beams v. Werth*, 200 Kan. 532, 543, 438 P.2d 957 (1968). Here Dies Jr.'s quiet title claim only challenges McGinn's title without establishing the strength of his own title; his claim improperly attacks McGinn's title. See *Crone v. Nuss*, 46 Kan. App. 2d 436, 451, 263 P.3d 809 (2011) (finding plaintiff "inappropriately" attacked landowner's title under quiet title action).

We therefore agree with McGinn's argument that Dies Jr.'s quiet title action is not the proper means to challenge McGinn's title to the real property. The better vehicle to challenge the alleged due process violation in the 2012 foreclosure case is under K.S.A. 2022 Supp. 60-260(b)(4), which provides an avenue for seeking relief from a final judgment when "the judgment is void." See *Federal Savings & Loan Ins. Corp. v. Hatton*, 156 Kan. 673, Syl. ¶ 2, 135 P.2d 559 (1943) ("When a judgment has been entered in a case and has become final, it cannot be collaterally attacked in a subsequent proceeding

15

unless it appears that the judgment is void."). Whether Dies Jr. would be permitted, several years later, to reopen and intervene in that case, is at best questionable at this point. But it is also academic, as Dies Jr. has not sought to intervene in that previous proceeding. What he could not do is what he tried to do here—collaterally challenge that long-final judgment by way of a separate lawsuit. The district court erred as a matter of law when it allowed him to do so and entered summary judgment in his favor.

Before closing, we pause to note one other reason why the court's grant of summary judgment was improper. Kansas courts have long emphasized that in most cases, courts should not take up motions for summary judgment before discovery is complete. As McGinn notes, discovery had not yet been completed before the district court declared summary judgment in Dies Jr.'s favor. In fact, the district court had only recently ruled on McGinn's motion to dismiss.

Under K.S.A. 2022 Supp. 60-226(b)(1), all relevant, nonprivileged material is discoverable, and all material that is reasonably calculated to lead to the discovery of admissible material is discoverable. The district court only lists four facts in its order granting summary judgment; the facts include nothing about whether, for example, Dies Jr.'s parents were ever actually served with notice of the foreclosure or actually knew about the foreclosure—matters central to a due-process claim in that case. Nor do the facts note that a final judgment was entered in the foreclosure case in 2012. And the district court drew inferences from the limited facts provided in favor of Dies Jr.—a judicial action directly contrary to the summary judgment framework. See *GFTLenexa, LLC v. City of Lenexa*, 310 Kan. at 981-82.

Given the limited nature of the discovery that occurred here, it is not surprising that the uncontroverted facts are minimal in nature. Discovery seemed very rushed and included only the submitted exhibits. These problems were exacerbated by Dies Jr.'s multiple motion and amended motion filings—all within a short span of weeks—which

demonstrate the wisdom of a more methodical approach. Courts are understandably wary of summary judgment rulings made when the discovery has not yet been completed. See *Lawrence v. Deemy*, 204 Kan. 299, 302, 461 P.2d 770 (1969) ("'Summary judgment should not be entered if there remains a genuine issue of a material fact, nor where the opposing party is proceeding with due diligence with his pretrial discovery but has not had an opportunity to complete it.'"); *Med James, Inc. v. Barnes*, 31 Kan. App. 2d 89, 96, 61 P.3d 86 (2003) ("Summary judgment is generally improper when discovery is incomplete. *Bell v. Kansas City, Kansas, Housing Authority*, 268 Kan. 208, 220, 992 P.2d 1233 [1999]."). This case illustrates why such premature motions are often inappropriate.

The 2012 foreclosure action resulted in a final judgment, binding on the parties to that case and on litigants in future cases—including in this case. If Dies Jr. seeks to challenge that judgment, the only potential remedy lies in seeking to amend that judgment in the 2012 foreclosure case. The district court erred when it allowed him to collaterally attack that earlier decision in a separate quiet title action. Thus, we find the district court erred in granting summary judgment in Dies Jr.'s favor.

Reversed and remanded.